[In Bank. — July 27, 1883.]

## A. J. BATCHELDER ET AL., PETITIONERS, v. H. I. WILLEY, RESPONDENT.

SCHOOL LANDS — ISSUANCE OF CERTIFICATE AFTER CONTEST. — When a contested application for the purchase of school lands has been determined by the judgment of a competent court, and a copy of the final judgment has been filed with the surveyor-general or register as provided in section 3416, Political Code, it becomes the duty of such officer to approve the survey or location, and to issue a certificate of purchase to the successful party. The copy of the judgment may be filed by any person.

ID. — FORFEITURE. — Under the provisions of section 3494, Political Code, the payment of twenty per cent of the required purchase money must be made within fifty days from the date of the certificate, or the right to purchase becomes forfeited.

ID. — NOTICE. — No notice of the issuance of the certificate of location by the officer is required to be given to the applicant.

APPLICATION for a mandamus to compel the respondent, surveyor-general of California, to approve certain applications of the petitioners to purchase school lands from the State.

The facts are stated in the opinion of the court.

*Stetson & Houghton*, for Petitioners.

*E. C. Marshall, Attorney-General*, and *F. E. Johnston*, for Respondent.

SHARPSTEIN, J.— In 1877 the petitioners filed in the office of the surveyor-general of the State applications to purchase certain school lands in Mendocino County. Within sixty days thereafter other applications to purchase the same lands were filed, and the contests were certified to the District Court of the twenty-second district, in which decrees were entered in favor of petitioners on the 27th of December, 1879. On the 14th of November, 1882, Pfankuch and Knox caused certified copies of said decrees to be filed in the office, and afterwards made applications to purchase said lands, which applications were filed in the office of the surveyor-general on the 6th day of January, 1883. On the 2d of March, 1883, the petitioners filed in the surveyor-general's office copies of said decrees and demanded an approval of their said applications, which the respondent refused. For the purpose of procuring such approval, a writ of mandate is prayed.

It does not appear that the petitioners took any steps in the premises after the entry of decrees in their favor December 27, 1879, until the 2d of March, 1883, when their petitions to purchase the lands were filed. Between these dates a period of more than three years elapsed, during which, the petitioners were quiescent. In the meantime certified copies of the final judgments were filed by other parties, the petitioners' applications approved, and more than a year after such approval, the parties who had caused copies of said judgments to be filed, filed applications to purchase said land.

The conclusion at which we have arrived renders it unnecessary to pass upon any of the questions discussed by counsel except one, and that is, whether the petitioners did not forfeit the rights which they acquired under the judgments entered in their favor by not paying twenty per cent of the purchase money within fifty days after the issuance of certificates of location to them. Such certificates were made out and notices thereof deposited in the postoffice addressed to them at Point Arena, Mendocino County, although it was known to the surveyor-general that their postoffice address was Marysville, Yuba County. The Code does not provide for the giving of notices in such cases. If it did, a compliance with its provisions might be indispensable. As it is, we attach no importance to the fact that a notice

addressed to the petitioners was mailed. We do not think there was any occasion for the service of any notice upon the petitioners. They had succeeded in the contest before the District Court, and were entitled "upon filing with the surveyor-general or register, as the case may be, a copy of the final judgment of the court" to have the surveys or location approved, or to have certificates of purchase or other evidences of title issued in accordance with such judgment. (Pol. Code, § 3416.) But they suffered more than three years to elapse before they attempted to file a certified copy of said judgments in said surveyor-general's office. And it was not until two years after the entry of said judgments that any copy of them was filed in said office. The Code does not specify any time within which such a judgment must be filed, nor does it specify by whom it may be filed. And we cannot see that it would make any difference by whom it was presented for filing. As soon as it was filed in his office it became the duty of the surveyor-general to approve the survey or location, or of the register to issue a certificate of purchase or other evidence of title. This was done more than a year before the applications of other parties to purchase were filed and approved. If no contest had arisen the petitioners would have had fifty days, and no more, after the date of the certificates of their locations, within which to pay twenty per cent of the purchase money. (Pol. Code, § 3494.) Not within fifty days after receiving notice of the issuance of such certificates, but within fifty days after the dates thereof. This provision applies to all applications for the purchase of such lands, and there is no reason for holding that in case no contest arises, applicants must pay twenty per cent within a definite period, but in case one does arise, the successful party shall have an indefinite time to make payment in, unless he files a copy of the judgment in the office of the surveyor-general, or is notified that some one else has filed such copy.

Application denied.

MYRICK, J., ROSS, J., THORNTON, J., and McKEE, J., concurred.