[No. 11891. Department Two. — September 14, 1887.]

THE PEOPLE, APPELLANT, v. JAMES M. BRYAN, RESPONDENT.

SWAMP-LAND — PATENT — CANCELLATION — DEFECTIVE APPLICATION — PLEAD-
ING. — In an action by the state for the cancellation of a patent to cer-
tain swamp-land, on the ground that the application for the purchase
thereof was defective, the complaint must specifically allege that the
patent was issued on the application claimed to be defective.

ID. — OFFER TO RETURN PURCHASE-MONEY. — The state cannot maintain an
action for the cancellation of a patent to certain swamp-land for an
innocent mistake in the procedure, without first offering to return the
purchase-money.

APPEAL from a judgment of the Superior Court of Shasta County.

The defect in the application to purchase, which the plaintiff relied on as vitiating the patent, consisted in the failure of Mack to state in his application the fact whether or not there were settlers upon the land, as required by section 3443 of the Political Code. The further facts are stated in the opinion.

*Attorney-General Marshall*, and *Jackson Hatch*, for Appellant.

The application to purchase, and all subsequent proceedings, including the patent, are void. (Pol. Code, sec. 3443; *Botsford* v. *Howell*, 52 Cal. 158; *Hildebrand* v. *Stewart*, 41 Cal. 387; *Woods* v. *Sawtelle*, 46 Cal. 389; *McCoy* v. *Byrd*, 65 Cal. 92; *Forbes* v. *Hyde*, 31 Cal. 348; *People* v. *Center*, 66 Cal. 561.) The state, as the owner of the land, can maintain the action. (*People* v. *Stratton*, 25 Cal. 242; *People* v. *Morrill*, 26 Cal. 360; *People* v. *Carrick*, 51 Cal. 325; *People* v. *Center*, 66 Cal. 551; *United States* v. *Stone*, 2 Wall. 535; *United States* v. *Minor*, 114 U. S. 233.)

*W. C. Belcher, Edward Sweeney,* and *Clay W. Taylor,* for Respondent.

Hayne, C.—This is a suit in equity to have a swamp-land patent canceled, on the ground of an alleged defect in the application filed in the surveyor-general's office. Final judgment was entered for defendant upon demurrer to the complaint.

1. The complaint alleges that one Mack made an application to purchase; that said application was approved, and a certificate of location issued; that Mack paid the purchase-money, and that a certificate of purchase was thereupon issued to him; that he subsequently conveyed to one Libby " the land described in said certificate of purchase," and that on September 5, 1883, a patent was issued to Libby. This patent, which is set forth in the complaint, contains nothing whatever to connect it with the application of Mack. Nor is there any averment in the complaint connecting the patent with such application. For anything appearing in the complaint to the contrary, the patent may have been issued to Libby upon his own application, which may have been perfectly regular. There is a presumption in favor of the regularity of the patent, and the pleading is to be construed most strongly against the pleader. If Libby's patent was, in fact, issued on Mack's application, that fact should have been stated in the complaint.

2. It is expressly alleged that the land was open to purchase; and the good faith of the applicant is not questioned. This being the case, if the state can come into equity for the purpose of having her patent canceled for an innocent mistake in the procedure (which is not entirely clear), she must conform to equitable principles, and offer to return the purchase-money. (*United States* v. *White,* 9 Saw. 131.) The case of *United States* v. *Minor,* 114 U. S. 238, is not in conflict with this. In that case, the patent was set aside for actual fraud, and the govern-

ment was not required to return the purchase-money, because it was forfeited under section 2662 of the Revised Statutes by the false oath of the applicant.

We think the demurrer was properly sustained, and that the judgment should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.