[No. 11626.  Department One. — October 20, 1888.]

THE PEOPLE ex rel. EZRA WALLEN, Respond-
ENT, v. HENRY S. MORRIS, Appellant.

Purchase of State School Lands — Payment in School-land War-
rants — Setting Aside State Patent. — When a purchase of part of
the unsold portion of the five hundred thousand acres granted to the
state for school purposes is initiated by a gold coin payment under sec-
tion 3494 of the Political Code, before the certificate of purchase is issued,
the purchase cannot be completed by the surrender of school-land war-
rants under section 3502 of said code, and a patent issued upon such
final payment is without lawful authority. But such payment being
made and accepted in good faith without fraud, the state cannot set
aside the patent without restoring the warrants paid under an erroneous
view of the law, and the holder of the certificate of purchase is entitled
to conclude the purchase by a gold coin payment under section 3494, in
the absence of a preventing statute.

Contest of Right to Purchase State Land — Res Adjudicata. — It is
not permissible in a proceeding to set aside a state patent to call in ques-
tion the evidence upon which a judgment was based, in a contest over
the right to purchase the land, or the rulings of the court on matters of
law.

APPEAL from a judgment of the Superior Court of Lake
County, and from an order denying a new trial.

The facts are stated in the opinion.

*Fox & Kellogg*, for Appellant.

The state must return the purchase-money in order to
have the patent canceled. (*People* v. *Bryan*, 73 Cal. 376;
*United States* v. *White*, 9 Saw. 131.) The judgment as to
the right to purchase the land is not open to controversy.
(*Wright* v. *Laugenour*, 55 Cal. 280; *Laugenour* v. *Shank-
lin*, 57 Cal. 70; *Laugenour* v. *Hennagin*, 59 Cal. 625; *Cun-
ningham* v. *Shanklin*, 60 Cal. 118; *Batchelder* v. *Willey*,
64 Cal. 44.)

*R. W. Crump*, for Respondent.

Harrington's application did not conform to the
requirements of the code, and was therefore invalid.

(*Wright* v. *Laugenour*, 55 Cal. 282; *Plummer* v. *Woodruff*, 72 Cal. 31; *McKenzie* v. *Brandon*, 71 Cal. 211; *Milledge* v. *Hyde*, 67 Cal. 7; *Botsford* v. *Howell*, 52 Cal. 158.) The final payment could not be made in school warrants. (Pol. Code, secs. 3494, 3502.) The patent being unauthorized by law is void. (*Hall* v. *Meador*, 16 Cal. 295; *Carr* v. *Quigley*, 57 Cal. 395; *McLaughlin* v. *Heid*, 63 Cal. 208; *People* v. *Carrick*, 51 Cal. 325; *Newhall* v. *Sanger*, 92 U. S. 761; *Farish* v. *Coon*, 40 Cal. 51, 52.) Where there is fraud in obtaining a patent, the consideration need not be restored. (*United States* v. *Minor*, 114 U. S. 238; *Farish* v. *Coon*, 40 Cal. 50.)

FOOTE, C.—This action was brought to set aside a patent from the state of California of certain school lands of the five-hundred-thousand-acre grant made by the Congress of the United States to the state. Judgment was given in favor of the plaintiff, from which, and an order denying him a new trial, the defendant appeals.

According to the findings, one John T. Harrington, on the tenth day of January, 1876, filed in the office of the state surveyor-general an application to purchase the lands in controversy. Before this application was granted, one Mullan having disputed Harrington's right to buy the lands from the state, the contest between them was referred, as by law required, to the district court of the seventh judicial district for determination. Judgment was there given in favor of Harrington as having the better right to purchase the land from the state, a certified copy of which was filed in the surveyor-general's office. Afterward, on the twenty-first day of April, 1877, the surveyor-general approved Harrington's application, and issued to him a certificate of purchase for the lands. This was a cash purchase for gold coin, made under and by virtue of section 3494 of the Political Code (Hittell's) which is as follows:—

"The unsold portion of the five hundred thousand

acres granted to the state for school purposes, the sixteenth and thirty-sixth sections and lands selected in lieu thereof, must be sold at the rate of $1.25 per acre, in gold coin, payable twenty per cent of the principal within fifty days from the date of the certificate of location issued to the purchaser; the balance, bearing interest at the rate of ten per cent per annum in advance, is due and payable within one year after the passage of any act by the legislature requiring such payment, or before if desired by the purchaser."

Within fifty days of the approval of his application twenty per cent of the purchase-money was paid by Harrington, together with interest due by law.

After the certificate was issued it was duly assigned in writing by Harrington to Smith, by Smith to Barger, by Barger to Hyde, by Hyde to Rice, by Rice to the defendant. Rice paid the accruing interest to November 15, 1883, and afterward assigned the certificate to the defendant.

On the fourth day of June, 1884, the defendant surrendered to the register of the state land-office certain school-land warrants at two dollars per acre, which were issued under an act of the legislature approved May 3, 1852, entitled "An act to provide for the disposal of the five hundred thousand acres of land granted to this state by act of Congress," etc. Upon the surrender of the warrants for cancellation, the register accepted them as payment in full for the balance due upon the land, and issued to the defendant the state's patent therefor.

According to the agreed facts in the statement, plaintiff admits that if the final payment by defendant, in surrendering the school-land warrants, was a *valid* and *legal* payment for said lands, then the state has received full payment therefor, but denies the validity or legality of such payment.

The transaction seems to have been made in good faith, under the supposition that such payment might

lawfully be made and received. Section 3502 of the Political Code, under which this matter was attempted to be concluded, reads thus:—

"School-land warrants issued by authority of the state are receivable in payment of the purchase-money of any part of the five hundred thousand acres of land granted to the state for school-purposes. Such payment must be made to the register and the warrants canceled before the certificate of purchase is issued."

Thus it will be seen that the purchase was initiated under the terms of section 3494 of the Political Code (Hittell's). The certificate of purchase issued thereunder was valid and good against both Mullan and the state, and compelled the surveyor-general to issue it. Nor is it permissible in this proceeding to call in question the evidence on which the judgment was based in favor of Harrington in the action of *Harrington* v. *Mullan,* as having the better right to purchase the land, or the rulings of the court in that action on matters of law. (Pol. Code (Hittell's), sec. 3416; *Laugenour* v. *Shanklin,* 57 Cal. 70; *Butchelder* v. *Willey,* 64 Cal. 44.)

It is manifest that the defendant had a right to conclude his purchase of the land described in the certificate which he held. But it seems that he did not complete the purchase in the manner required by law, for as we have seen, it was not attempted originally by Harrington to buy the land with two-dollars-per-acre school-land warrants, but under the section of the Political Code, *supra,* prescribing the terms of a sale for *gold coin,* at $1.25 per acre. The two-dollar-per-acre warrants were were only paid as *part* and final payment upon a purchase made on the basis of gold coin at $1.25 per acre, and they were not paid to the register and canceled *before* the certificate of purchase was issued, but long *after.*

The register seems to have misconstrued the law governing the matter, and to have allowed the purchase to be concluded under a statute different from that under

which it was initiated, and in a manner not contemplated by it. Therefore, the patent was issued without lawful authority.

Nevertheless, there is no fraud or deception charged in the complaint, and none appears in the record, nor has any offer been made by the state to the patentee to return the warrants which he has paid in good faith. Such being the case, defendant cannot be deprived of his patent, unless he receives back from the state what he has paid under an erroneous view of the law entertained by the register and himself. (*People* v. *Bryan*, 73 Cal. 377; *United States* v. *White*, 9 Saw. 131, and cases cited.)

And unless some statute prevents, which has not been called to our attention, the certificate of purchase is valid, and the purchase may be completed by complying with the provisions of section 3494 of the Political Code, under which it was initiated.

For these reasons we advise that the judgment and order be reversed, and the cause remanded.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded.