[L. A. No. 3078. In Bank.—December 20, 1913.]

## THE PEOPLE, upon Information of U. S. Webb, Attorney-General, Respondent, v. BANNING COMPANY (a Corporation), Appellant.

TIDE LANDS—EFFECT OF PATENT—ONLY TITLE TO SOIL PASSES—SUBORDINATION TO PUBLIC RIGHTS OF NAVIGATION AND FISHERY—RIGHT OF STATE TO REGULATE.—*People* v. *California Fish Company, ante,* p. 576, approved, to the effect that a patent under sections 3440 to 3493½ of the Political Code for tide lands, which was open for sale under the law at the time the application and survey were filed and approved and when the first payment was made, did not convey or affect the public rights of navigation and fishery or the power of the state to regulate and control the same and alter and improve the premises in the interest of navigation, but transferred only the title to the soil subject to such public rights and powers.

ID.—TIDE LANDS WITHIN TWO MILES OF CITY—APPLICATION FOR PURCHASE PRIOR TO INCORPORATION OF CITY—VALIDITY OF PATENT AFTER INCORPORATION.—A patent for tide land, the *situs* of which at the time of its issuance was within two miles of a city incorporated under the general law of 1883, is valid as a conveyance of the naked title to the soil beneath the waters, notwithstanding the provisions of the constitution and Political Code withholding from sale tide lands within such distance of an incorporated city, if the application for the purchase and survey of the land were filed and approved by the proper officer, and payment of the first installment of the purchase price was made and accepted, prior to the taking of the final step in the statutory proceedings for the formation of the municipality, which the law made essential to its due incorporation.

ID.—INCORPORATION OF CITY A LEGISLATIVE ACT—COMPLETION OF INCORPORATION UNDER GENERAL LAW OF 1883.—The incorporation of a city is a legislative act, and is none the less so because of the fact that it is done in pursuance of an election by the people and under a general law. Under the general law of 1883, the legislative act of incorporation did not become complete until the filing in the office of the secretary of state of a certified copy of the order of the supervisors declaring the territory duly incorporated.

ID.—COMPLIANCE WITH REQUIREMENTS RESULTING IN INCORPORATION IS EQUIVALENT TO PASSAGE OF LAW—IMPAIRING OBLIGATION OF CONTRACT.—The filing of the copy of such order and the resulting incorporation of the city is the equivalent of the passage of a law, within the meaning of the provisions of the constitutions of this

state and of the United States forbidding the passage of a law impairing the obligation of a contract.

ID.—CONTRACT FOR SALE OF TIDE LAND CANNOT BE IMPAIRED BY SUBSEQUENT STATUTE.—Where a valid application and survey for the purchase of tide land had been filed and approved, and the first installment of the price had been paid and accepted, the purchaser thereby acquired a vested right in the land, and the contract of sale to him became a valid subsisting contract, which the state could not, by a subsequent statute, declare void and could not refuse to perform.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, J. W. McKinley, Frank Karr, Ward Chapman, Sheldon Borden, Edward E. Bacon, and W. R. Millar, for Appellant.

Fitzgerald, Abbott & Beardsley, *Amici Curiae,* in support of appeal.

U. S. Webb, Attorney-General, Leslie R. Hewitt, John W. Shenk, A. P. Fleming, and Anderson & Anderson, for Respondent.

SHAW, J.—The defendant appeals from the judgment and from an order denying a new trial.

The action was begun to obtain a decree adjudging that plaintiff is the owner of the land embraced in two tide land locations, numbered respectively 152 and 153, for which patents have been issued by the state officers and declaring that the claims of the defendant under said patents are invalid. Judgment below was given for the plaintiff.

All of the land is situated within two miles of the corporate limits of the town of Wilmington as incorporated by the act of 1872. (Stats. 1871-72, p. 108.) This act was repealed on March 12, 1887, [Stats. 1887, pp. 108, 109], and said incorporation thereupon ceased to exist. Tide land location 152 includes 345.12 acres, and tide land location 153

includes 51.12 acres. The proceedings for the purchases were taken on the same dates. The applications and surveys were approved on February 9, 1888, the first payments of one-fifth of the price were made on February 28, 1888, the certificates of purchase were issued on March 8, 1888, final payments were made on February 1, 1902, and the patents were executed on February 5, 1902. Patent for No. 152 was issued to William Banning and that for No. 153 to J. B. Banning. The defendant has succeeded to all the title of the said patentees.

Proceedings for the incorporation of the city of San Pedro under the general law of 1883 [Stats. 1883, p. 93] were pending on February 9, 1888, when the aforesaid applications and surveys were approved. The act of 1883 provides that, after canvassing the returns of the election, if a majority is found to favor incorporation, the supervisors shall "by an order entered upon their minutes declare such territory duly incorporated, and that they shall thereupon cause a duly certified copy of the order to be filed in the office of the secretary of state, and from and after the date of such filing such incorporation shall be deemed complete." The votes were canvassed and the order declaring the territory incorporated as the city of San Pedro was duly entered on the minutes on February 27, 1888. The certified copy of that order was not filed with the secretary of state until March 1, 1888. The first payment for these lands, amounting to $79.25 in all, it will be noted, was paid in this short interval that is, on February 28, 1888.

The land is situated within two miles of the corporate limits of the city of San Pedro as fixed by said order of incorporation. Upon such incorporation, the constitutional prohibition took effect and all lands within that distance of the city were thereupon immediately "withheld from grant or sale." The reservation in section 3488 of the Political Code also became immediately effective. It is conceded that the making of the order and entering it upon the minutes of the board did not legally perfect the incorporation and that it was not constituted a legally incorporated city under the law, until the copy of the order was filed in the office of the secretary of state. It thus appears that at the time the applications and surveys were filed and approved and when the

first payment on each was made, the land was free from the reservation in the code and from the prohibition in the constitution and was open to sale under the law, subject to the public easement for navigation and fishery, as explained in *People* v. *California Fish Co.,* L. A. No. 3060, *ante,* p. 576, [138 Pac. 79], in which the effect of such sale upon the public easement is elaborately discussed, and to which we refer for a fuller statement thereof. The question presented in this case is whether or not the filing of the application and survey, its approval by the proper officer and the payment and acceptance of one-fifth of the price fixed by law, prior to the incorporation of San Pedro, constituted a legal and binding contract of sale for the interest authorized to be sold which bound the state to complete the sale as if the prohibition had not taken effect.

The incorporation of a city is a legislative act. (See authorities cited in *People* v. *California Fish Co.,* L. A. No. 3060, *ante,* p. 576, [138 Pac. 79].) It is none the less an act of legislation because of the fact that it is done in pursuance of an election by the people and under a general law. The legislative act, under the general law, becomes complete when, by the filing of the certified copy of the order of incorporation, the creation of the new city becomes complete and perfect. The filing of the copy of the order and the resulting incorporation of the city is the equivalent of the passage of a law, within the meaning of the provisions of the constitutions of this state and of the United States forbidding the passage of a law impairing the obligation of a contract. (Cal. Const., art. 1, sec. 16; U. S. Const., art. 1, sec. 10.) The situation is therefore the same as if the state, after receiving the first payment for this land, had enacted a statute forbidding the completion of the proposed purchase or withdrawing the land from sale. In *Pennoyer* v. *McConnaughy,* 140 U. S. 24, [35 L. Ed. 363, 11 Sup. Ct. Rep. 699], the supreme court of the United States held that where a valid application and survey for the purchase of swamp land had been filed and approved and the first installment of the price had been paid, the purchaser thereby acquired a vested right in the land, and the contract of sale to him became a valid subsisting contract, which the state could not, by a subsequent statute, declare void and could not refuse to perform. A similar principle

was announced in this state in *People* v. *Bryan,* 73 Cal. 376, [14 Pac. 893], where it was held that where swamp land was open to purchase and a buyer had paid the price and obtained a patent, the state could not, in equity, have the patent canceled because of a defect in the application, without first offering to return the purchase money, if the purchaser had proceeded in good faith. (See, also, *People* v. *Morris,* 77 Cal. 208, [19 Pac. 378]; *United States* v. *White,* 9 Sawyer 131, [17 Fed. 561].) These authorities establish the proposition that a patent issued under such circumstances is valid to convey the title of the state which was open to sale at the time the installment of the purchase money was paid. As we have seen in the case of *People* v. *California Fish Co.,* L. A. No. 3060, *ante,* p. 576, [138 Pac. 79], aforesaid, this title under the law for the sale of tide lands in this state extends only to the soil beneath the waters, and it is subject to the public easements for navigation and fishery. The judgment of the court below declaring the patent entirely void was therefore erroneous.

All the other points involved in the case are fully discussed and determined in *People* v. *California Fish Co., ante,* p. 576, [138 Pac. 79.] The facts necessary to a proper judgment in this case are set forth in the findings. The error can be corrected by a direction to the court below to enter the proper judgment and a new trial is unnecessary.

The order denying a new trial is affirmed.

The judgment is reversed, the cause is remanded, and the court below is directed to make and enter its judgment upon the findings as follows:

It is ordered, adjudged, and decreed that, except as hereinafter stated, the defendant is the owner of the two parcels of land situated in the county of Los Angeles, state of California, described as follows, to wit: 1. The parcel of land known as tide land location No. 152, containing 345.12 acres and fully described in the patent issued by the state of California to William Banning, dated February 26, 1902, and recorded in book 9 of patents, page 274, of the records of Los Angeles County, to which reference is made for further description, it being the same land more particularly described in the first count of the complaint herein; 2. The parcels of land known as tide land location No. 153, contain-

ing 51.12 acres and fully described in the patent issued by the state of California to Joseph B. Banning, dated February 26, 1902, and recorded in book 9 of patents, page 271, of the records of Los Angeles County, to which reference is made for further description, it being the same land more particularly described in the second count of the complaint herein. But the said parcels of land are hereby declared to be subject to the public easements for navigation and fishery, and the state of California is declared to be the owner of all interest and title therein necessary to the support of said easements.

Angellotti, J., Sloss, J., and Beatty, C. J., concurred.