[Civ. No. 1375.    Third Appellate District.—August 16, 1915.]

## LIMBERIUS ARGYROPOLUS, Appellant, v. EARL P. BARNES et al., Respondents.

NEGLIGENCE — ALLEGED FALSE ARREST — DESTRUCTION OF FISHING LAUNCH—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action for damages brought by a fisherman against deputy fish and game wardens, the complaint alleging that the defendants unlawfully arrested plaintiff on his launch in the night-time and forcibly took him from his abode on said launch, without a warrant authorizing the arrest, and compelled him to leave said launch without protection from the winds and storms, and did not themselves take the necessary steps for its protection, and by reason thereof said launch was completely wrecked and the personal property of plaintiff thereon destroyed, states a cause of action for negligence alone, and the allegations regarding the arrest being merely matters of inducement, there was not an improper joinder of a cause of action for false imprisonment with one for negligence.

ID.—DAMAGES—DESTRUCTION OF IMPLEMENTS USED IN EARNING LIVELIHOOD.—In such a case where the property destroyed was the implements with which the plaintiff earned his livelihood, this fact is to be considered to some extent as an element of damage.

ID.—STATUTE OF LIMITATIONS.—An objection to the complaint on the ground that the action was barred by subdivision 3 of section 340 of the Code of Civil Procedure, upon the assumption that the complaint stated a cause of action for false imprisonment, cannot be sustained, as no such cause of action was set forth.

APPEAL from a judgment of the Superior Court of Humboldt County.    Clifton H. Connick, Judge.

The facts are stated in the opinion of the court.

E. M. Frost, and John D. Dufur, for Appellant.

Coogan & Kehoe, for Respondents.

HART, J.—The court below sustained a demurrer to the plaintiff's second amended complaint and made an order allowing him ten days within which to file a third amended complaint.    The plaintiff failed to file a further amended complaint within the time so allowed, and judgment was thereupon entered in favor of the defendants.

This appeal is by the plaintiff from said judgment.

The plaintiff's occupation is that of a fisherman on Humboldt Bay and contiguous waters, in Humboldt County, and for the purposes of this business he maintained a gasoline launch on said bay fully equipped with fishing and crab tackle and other appliances ordinarily used in the fishing business and catching crabs. He lived and slept on board of said launch and kept therein all his wearing apparel and other articles necessary to maintain himself.

The defendants were, at the time of the transaction eventuating in this action, deputy fish and game wardens whose duties were to see that the laws of the state regulating fishing and hunting were enforced and to arrest and prosecute persons guilty of violating said laws.

The complaint is a voluminous document, and we shall attempt to state the averments thereof necessary to a clear apprehension of the main point presented by this appeal only in a general way.

It alleges that in the night-time of the twenty-seventh day of April, 1912, the defendants entered said launch and "did then and there unlawfully, and in violation of the personal rights of said plaintiff, arrest the said plaintiff and took him into their custody . . . and then and there forcibly took him from his place of abode on said launch and from his said launch." The illegality of said arrest, so the complaint charges, lay in the fact that the defendants did not have in their possession at the time they made said arrest a warrant authorizing and empowering them to arrest the defendant in the night-time, the charge upon which he was arrested not being a felony nor the offense charged committed in the presence of said defendants. (Pen. Code, secs. 836, subd. 5, and 840.)

The complaint proceeds, in substance: That at all times while the plaintiff was himself aboard and in personal control and management of said launch he could manage, operate, and control the same with "entire and complete safety to the said launch" and protect the same from the perils of winds and storms, and that under such circumstances it was not necessary for him securely to fasten or moor said launch, "for the reason that, while on board his said launch, when the weather threatened to be rough, he could then either remove his said launch to a place of safety, or, if necessary, securely moor the same"; that at the time of said arrest said launch

was in waters wherein it would not, in the event a storm arose, be safe and secure from being driven upon the rocks nearby by the winds and storms; that, at the time of his arrest and forcible removal by the defendants from said launch, the said launch was not so moored or fastened as to prevent the same from being driven upon the rocks by reason of any winds and storms which might then arise.

It is then alleged that when the defendants ''so unlawfully arrested the plaintiff,'' and, by virtue of said arrest, ''unlawfully forced him to leave his said launch and accompany them to the city of Trinidad, in the county of Humboldt,'' the plaintiff made known to the defendants the fact of the insecurity of said launch and that in case a storm should arise it would be driven upon the rocks and destroyed, and requested and demanded of the defendants that either they secure the safety of said launch or permit plaintiff to do so or to take said launch to a sheltered port ''in order that the said launch might not be swamped or wrecked by the elements of the sea''; that, notwithstanding that the plaintiff so made known to the defendants the then precariousness of the situation as to said launch and its insecurity against destruction as so described, and the request made by the plaintiff that either the defendants take the necessary steps for the protection of the launch from being destroyed in the manner described or permit the plaintiff to do so, the said defendants then and there ''unlawfully arrested'' the said plaintiff and took him into their custody and away from said launch and ''wrongfully'' refused to give the plaintiff the means or the opportunity to secure the safety of the said launch from harm that might come to it by reason of the action of the elements, and ''that the defendants themselves refused and neglected to make any effort to secure the safety of the said launch,'' and ''wrongfully compelled the said plaintiff to abandon his said launch to the mercy of the elements,'' and thereupon took him to the said city of Trinidad; that, in the immediate vicinity of the place where said plaintiff was arrested by the defendants there were ''safe ports and havens where said launch could have been taken for the purpose of protecting it,'' and that the defendants themselves refused to take said launch to any of said ''ports or havens'' for safety and protection against the elements and refused to permit the plaintiff to do so; that by reason of their said acts and conduct, the defendants ''wrong-

fully and oppressively" forced and compelled the plaintiff to abandon his said launch in an unsafe and insecure position at the place where "said unlawful arrest" was made, "and leave and abandon the said launch in an unprotected position and at the mercy of the waves of the sea and the elements."

It is alleged that, after the plaintiff had thus been compelled by the defendants to abandon the launch, and between the night of the twenty-seventh day of April, 1912, and the morning of the twenty-ninth day of April, 1912, and before the plaintiff could return to said launch, he still being in custody of the defendants by virtue of the said arrest, a storm arose, drove the launch upon the rocks "and completely wrecked and destroyed the said launch upon the rocky projections near the point where the said defendants so unlawfully, wrongfully, and oppressively compelled the said plaintiff to abandon and leave his said launch as aforesaid"; that, on the morning of April 28, 1912, "there was a heavy storm arising, a heavy rain was falling, and a strong wind was blowing from the south," and that by reason thereof there was "every indication of a heavy storm approaching which would endanger the safety of said launch and all of plaintiff's said personal property on board thereof"; that, thereupon, the plaintiff, still in the custody of the defendants by virtue of the "unlawful arrest" aforesaid, requested and demanded of the defendants that he be by them given the opportunity to go to the said launch and secure the same by attaching additional lines thereto "and to anchor the same in a safe and secure manner and place, but, notwithstanding said reasonable request, said defendants wrongfully and oppressively refused so to do or permit said plaintiff to go aboard said launch aforesaid, but informed said plaintiff that they, the said defendants, would not allow the said plaintiff to go aboard said launch so as to securely fasten, anchor or secure the same from being swamped or wrecked by the elements." It is further alleged that the defendants informed the plaintiff that they would not release the plaintiff from their custody until the latter had paid to said defendants the sum of twenty-five dollars; that he did not then have that amount of money in his possession and requested the defendants to take him to a store in Trinidad from which he might telephone to a personal friend in the city of Eureka for the loan of said sum; that the defendants refused said re-

quest and would not permit the plaintiff so to telephone; that the defendants thereupon took the plaintiff to the city of Eureka, where, immediately upon his arrival, he obtained from the personal friend above referred to the sum of money demanded from him by the defendants; that said personal friend "was willing and ready and would have paid said sum to said defendants whenever requested to do so by said plaintiff." It is averred that "the danger and hazard of leaving said launch in the said unprotected position as aforesaid was well known to said defendants and they had actual knowledge of the same."

The complaint then concludes as follows:

"XV. That by reason of the loss and destruction of the said launch of the plaintiff as aforesaid, caused by the unlawful arrest of the said plaintiff and taking him away under such unlawful arrest without first permitting him or giving him the means or opportunity to secure the safety of his said launch from the elements, as aforesaid, and not themselves securing the said launch from the dangers of the elements or the sea, and the said defendants thereby wrongfully and oppressively compelling the said plaintiff to abandon his said launch in an unsafe, dangerous and hazardous position as aforesaid, which resulted in the loss and destruction of the said launch of the said plaintiff as aforesaid, the said plaintiff has been damaged to the amount of the value of said launch and of other personal property, to wit: fishing tackle, clothing, bedding, provisions, and other personal property in the sum of eleven hundred dollars.

"XVI. That by reason of the damage, loss and destruction of said launch as aforesaid, the said plaintiff has been unable to earn his livelihood as a crab fisherman or in any other capacity or at all, and that by reason thereof plaintiff has sustained damages in the further sum of seven hundred dollars.

"XVII. That all of the facts herein complained of were not due to any act or omission upon the part of the plaintiff and were wholly without any default or neglect of his."

The prayer is for judgment for one thousand eight hundred dollars, or the aggregate amount of the damages, as indicated above, which the plaintiff alleges he suffered by reason of the destruction of the launch and the personal property contained therein when it was destroyed and by reason of the

loss of the opportunity following the destruction of said property to prosecute and earn a livelihood at his customary business.

The demurrer is based upon both general and special grounds, the special objections to the complaint being: 1. That a cause of action for an unlawful arrest and a cause of action for willful oppression by an officer and for false imprisonment are improperly united in the same count and not separately stated; 2. That a cause of action for a false imprisonment and a cause of action for negligence are improperly united in the same count and are not separately stated; 3 and 4. That the causes of action stated in the complaint are barred by the provisions of subdivision 1 of section 339, and subdivision 3, section 340 of the Code of Civil Procedure.

The argument advanced before this court by counsel for the defendants is mainly addressed to the support of the special objection that there are improperly joined and not separately stated in one count of the complaint two causes of action, viz.: a cause of action for false imprisonment and a cause of action for negligence, and, from the oral argument before this court, we gather that the order of the court below sustaining the demurrer was based upon that ground and, as to the alleged cause of action for false imprisonment, upon the further ground that said cause of action was barred by the provisions of subdivision 3 of section 340 of the Code of Civil Procedure.

The order of the court sustaining the demurrer is erroneous. The complaint clearly states against the defendants a case of negligence proximately causing the destruction of his launch and the personal property contained therein, and is, therefore, free from the objection involved in the general demurrer. But counsel for the defendants assert that the "first nine paragraphs of the complaint fully set forth a cause of action for false imprisonment," and hence the objection raised by the demurrer on special grounds and specifically stated above was properly sustained. We are unable to agree to that contention.

The portions of the complaint (the first nine paragraphs) referred to by counsel are substantially given above, and it seems very clear to us that a fair and reasonable view of the language of those paragraphs, considered in connection with the remaining averments of the complaint, will readily show that all the allegations in said pleading touching upon the al-

leged illegal arrest of the plaintiff constitute mere matter of inducement or mere introductory matter explanatory of the manner in which the negligent destruction of the plaintiff's property, which is the essential ground or substance of the complaint, took place.

If the adjectives employed in those paragraphs characterizing the alleged character of the arrest, viz.: "unlawful"; "illegal"; "wrongful." etc., were eliminated therefrom, there would, obviously, be left remaining in the complaint no language even squinting at the statement of a cause of action for false imprisonment. And the complaint nowhere says that the plaintiff suffered damage by reason of the alleged wrongful arrest. On the contrary, the only damage claimed by the plaintiff is set forth in paragraphs 15 and 16, above quoted herein, and is based entirely upon the destruction and loss of his launch and other personal property contained therein when it was destroyed and the damage he suffered by reason of being deprived of the means of earning a livelihood by his customary occupation in consequence of the loss of his property.

If the adjectives mentioned are not proper as a part of the inducement they should be treated as mere surplusage, as they in no manner affect the essential ground or substance of the complaint.

Some objection is made to the claim of the plaintiff that he is entitled to damages by reason of the alleged fact that, because of the loss of his launch in the manner described, he has been deprived of an opportunity to earn a livelihood as a crab fisherman. It is asserted that the damage, if any, so suffered is too remote to justify compensatory relief therefor. Even if this contention be sound, the complaint, nevertheless, as stated, otherwise states a cause of action. We are not of the opinion, however, that the loss sustained by the plaintiff by reason of having been deprived for a time of his customary means of earning a livelihood by the destruction of his property in the manner alleged is not to be considered to some extent as an element upon which an award of damages may be based, since the property destroyed constituted the implements with which he was required to perform the personal labor peculiar to the business in which he was engaged. However, the claim is one that will doubtless be properly dis-

posed of at the trial according to the proofs and proper instructions.

The objection to the complaint on the ground that the action was barred by subdivision 3 of section 340 of the Code of Civil Procedure was interposed through the demurrer upon the assumption that the complaint stated a cause of action for false imprisonment. In view of the conclusion at which we have arrived as to the nature of the cause of action stated, the point thus raised is of no importance.

The judgment is reversed.

Chipman, P. J., and Ellison, J., *pro tem.,* concurred.