[Civ. No. 4205. First Appellate District, Division One.—April 13, 1922.]

## W. C. GROFF et al., Respondents, v. E. B. DU BOIS, Appellant.

[1] STATUTE OF LIMITATIONS — WRONGFUL ATTEMPT TO EVICT PLAINTIFFS—PERSONAL INJURY—TIME TO SUE.—An action for damages for injury alleged to have been suffered by the plaintiffs as the result of an unlawful and malicious attempt by the defendants to evict them from certain premises of which they were in lawful and peaceful possession is one brought for injury to the person caused by wrongful act and, under subdivision 3 of section 340 of the Code of Civil Procedure, must be brought within one year.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge. Reversed.

The facts are stated in the opinion of the court.

H. V. Keeling, Edgar D. Peixotto and Cleveland R. Wright for Appellant.

W. H. Hazell for Respondents.

TYLER, P. J.—This action was one brought to recover damages for injuries growing out of an alleged trespass

on the part of defendants. The complaint was filed on the thirteenth day of March, 1920, and it alleges that about the first day of August, 1917, and while plaintiffs were in lawful and peaceful possession of certain real property, defendants unlawfully and in a malicious and offensive manner attempted to evict them therefrom, together with their personal belongings. The complaint contains an allegation that at such time plaintiff Helen E. Groff was in a delicate physical condition and that such act on the part of defendants caused her to suffer a miscarriage. No actual damage was alleged, but plaintiffs claimed exemplary damages in the sum of $5,000. A demurrer was interposed pleading the statute of limitations. It was claimed that the action being one for injury caused by wrongful act of another that it should have been commenced within one year as prescribed by subsection 3 of section 340 of the Code of Civil Procedure. The demurrer was overruled, and defendants, answering, denied plaintiffs' allegations and alleged that the defendant Du Bois was the owner of the premises and that he and the other defendants lawfully entered thereon, and that the plaintiff Helen E. Groff without cause or reason threatened to shoot them unless they departed. Denial is made that plaintiffs suffered any damage, and it was prayed that they take nothing by their action. Trial was had by jury. From the evidence it appears that defendant Du Bois was the owner of a fruit ranch in Lake County, and that plaintiff W. C. Groff and his family were located thereon under a working arrangement. On the first day of August, 1917, defendant Du Bois, in company with the other defendants, went upon the premises and removed certain personal property out of a shed and from the porch of the house occupied by plaintiffs. Helen E. Groff, the wife of plaintiff, came out of the door with a shotgun and ordered defendants to refrain from removing any of the property. Defendants desisted and they then left the premises. Subsequently, on August 13, 1917, Helen E. Groff suffered a miscarriage. It further appeared that defendants were civil and respectful upon the occasion, and that no force or violence whatever was used by them. As before stated, no actual damage was prayed for and none was proven. At the conclusion of the trial a verdict was rendered in favor of plaintiffs for $100 actual and $2,500

exemplary damages. Defendant Du Bois moved for a new trial. The motion was denied in the following language:

"It appearing to the court that the judgment in the case is excessive, but the plaintiff having offered to remit $1,686.60 of the amount of the verdict rendered and the judgment entered for plaintiff herein, and the defendant having failed to accept such offer, it is ordered that the defendant's motion for a new trial herein be and the same is hereby denied."

Defendant appeals from the judgment. As grounds for reversal it is alleged:

(1) That plaintiff's cause of action is barred by the statute of limitations.

(2) That plaintiff was not entitled to recover exemplary damages for the reason that the acts of defendant were not malicious or wanton, and because of the fact that no actual damages were pleaded or proven.

(3) That the court believing the verdict excessive, it was its duty to grant a new trial.

[1] We are of the opinion that appellant's first contention disposes of the case. The action is clearly one brought for injury to the person caused by wrongful act, and exemplary damages are prayed for by reason of this alleged injury. The only evidence upon the subject is that plaintiff Helen E. Groff suffered a miscarriage. There is no evidence in the record to show that the acts of defendant caused such injury. Even if we assumed that the miscarriage was brought about through the acts complained of, it is clearly a case within the purview of subdivision 3 of section 340 of the Code of Civil Procedure, requiring such actions to be brought within one year. Defendants by demurrer and answer interpose the statute as a shield. These pleadings should have been sustained.

This conclusion makes it unnecessary to discuss the other questions raised. The judgment is reversed.

Knight, J., *pro tem.*, and Kerrigan, J., concurred.