Claude C. **WEAVER**, Plaintiff,

v.

Tom B. **BAHUMES**, First Doe, Second Doe, Third Doe, Black Company, a Corporation, White Company, an association, and Green Company, a partnership, Defendants.

Civ. No. 7128.

United States District Court,
N. D. California, N. D.

Jan. 3, 1955.

J. Adrain Palmquist, Oakland, Cal., for plaintiff.

Neumiller, Ditz, Beardslee & Sheppard, by Dudley Sheppard, Stockton, Cal., for defendants.

HALBERT, District Judge.

Action by plaintiff to recover from defendants for:

1. Damage to his automobile in the amount of $1,350; towing and storage on said automobile in the amount of $60.50; and loss of use of said automobile in the amount of $330, making a total of $1,740.50 (Plaintiff's Complaint, paragraph VI);

2. Damages resulting from plaintiff's succor to his injured wife as follows: (a) Loss of business time in the amount of $240; (b) train fare for wife in the amount of $22.65; (c) living expenses for plaintiff in the amount of $240; and (d) travel expenses for plaintiff in the amount of $280, making a total such damages of $782.65 (Plaintiff's Complaint, paragraph VII);

3. Damages resulting from trips made by plaintiff as the result of his wife's injuries and litigation growing out of them in the sum of $2,280 (Plaintiff's Complaint, paragraph VIII); and

4. Damages for loss of his wife's services and consortium in the sum of $10,270 (Plaintiff's Complaint, paragraph IX).

These alleged damages are all claimed by plaintiff to have accrued to him as the result of a collision between his automobile (It does not appear who the driver was at the time of the collision.) and a truck driven by defendant, Tom B. Bahumes. Plaintiff's wife is alleged to have been a passenger in plaintiff's automobile at the time of the collision.

Defendant Bahumes has appeared and made a motion to strike from plaintiff's complaint paragraphs VII, VIII and IX thereof on the ground that the statute of limitations has run against plaintiff's alleged causes of action for the damages particularly described in those paragraphs. This motion is followed by a motion to dismiss this action on the ground that this Court lacks jurisdiction to hear the action. The motion to dismiss stands or falls on the results of the motion to strike. If, after the motion to strike is acted on, the amount sought by the plaintiff is less than the statutory jurisdiction of this Court, namely, $3,000, Title 28 U.S.C. § 1332, then the motion to dismiss must be granted. The jurisdiction of this Court is never presumed. The presumption is to the contrary. Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444; United States v. Green, 9 Cir., 107 F.2d 19, and Durkey v. Arndt, D.C., 46 F.Supp. 256.

The parties are agreed that the limitation on this action is determined

by the California statute of limitations. See Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. The parties are not so compatible in their views relative to which of the California statute of limitation sections is applicable to this case. Plaintiff argues that all of his claims are personal property rights and are, therefore, governed by subd. 3 of section 338 of the California Code of Civil Procedure. Defendant argues that all of plaintiff's claimed damages, except the damages to his automobile, arise out of his wife's personal injuries, and being consequential damages thereto, the proper statute of limitations to be applied to the last three groups (Particularly described in paragraphs VII, VIII and IX of plaintiff's Complaint.) of plaintiff's claimed damages is subd. 3 of section 340 of the California Code of Civil Procedure. Defendant's position in this matter is well taken.

Any damages which must depend directly on someone's personal injuries for their creation and existence are damages both incidental and consequential to the injured person's personal injuries, and they are all in the eyes of the law in the same legal category. Viewed in any light, the damages claimed by plaintiff in paragraphs VII, VIII and IX of his Complaint are consequential damages accruing to him solely because of, by reason of, and on account of the personal injuries sustained by his wife. The damages thus consequentially arising in favor of the plaintiff husband are governed by the one year statute of limitations enunciated in California Code of Civil Procedure, § 340, subd. 3. See Basler v. Sacramento Electric, Gas & Ry. Co., 166 Cal. 33, 134 P. 993, and Groff v. Du Bois, 57 Cal.App. 343, 207 P. 59, for the established California law, and Kraut v. Cleveland R. Co., 132 Ohio St. 125, 5 N.E.2d 324, 108 A.L.R. 525, for a collection of authorities showing that the California rule is in accord with the general rule.

Plaintiff argues that all the damages he is seeking are for injury to personal property. His argument can only be predicated on the theory that historically a wife was considered a chattel or personal property. Modern views are not, however, in accord with this theory, and the law, as indicated above, is otherwise, so the plaintiff's argument is without merit. Plaintiff has cited Hunt v. Authier, 28 Cal.2d 288, 169 P.2d 913, 171 A.L.R. 1379, in support of his argument, but a careful reading of this case shows that it gives plaintiff no comfort. The rule announced by the Supreme Court of California in Basler v. Sacramento Electric, Gas & Ry. Co., supra, and approved by reference in a number of decisions subsequent to it, is the rule applicable to this case. Plaintiff's action on the causes set forth in paragraphs VII, VIII and IX of his Complaint was required to be brought within one year of the date of the accident out of which this action arose. Plaintiff alleges that the accident occurred on November 9, 1951. The Complaint in this action was filed on October 8, 1954. Under these circumstances, defendant's motion to strike paragraphs VII, VIII and IX of plaintiff's Complaint should be granted.

The motion to strike having been granted, the gross amount of plaintiff's demand is $1,740.50, and the Complaint shows clearly that it could never exceed this amount. This is below the jurisdiction of this Court, and as a result, this action must be dismissed. See Colorado Life Co. v. Steele, 8 Cir., 95 F.2d 535, at page 536, and the cases there cited. Also, Associated Press v. Emmett, D.C., 45 F.Supp. 907.

It is ordered that defendant's motion to strike paragraphs VII, VIII and IX of plaintiff's Complaint be, and the same is hereby granted. Defendant's motion to dismiss this action is granted at plaintiff's costs and without leave to amend. Judgment will be entered accordingly.