**Leroy PEDERSEN, Plaintiff,**

v.

**UNITED STATES OF AMERICA, Hugo Neu Corporation, Schnitzer Steel Products Company, Inc., and Island Equipment Company, Inc., Defendants.**

**Civ. No. 78-59.**

District Court of Guam.
Jan. 30, 1961.

E. R. Crain, Agana, Guam, for plaintiff.

H. G. Homme, Jr., U. S. Atty., and Olen W. Burnett, Asst. U. S. Atty., District of Guam, Agana, Guam, for the United States.

Walter S. Ferenz of Turner, Barrett & Ferenz, Agana, Guam, and Whitman Knapp, New York City, for defendant Hugo Neu Corp.

Finton J. Phelan, Jr., Agana, Guam, and Frank G. Sterritte, New York City, for defendants Schnitzer Steel and Island Equipment Co.

GILMARTIN, District Judge.

This opinion deals with certain motions which are pending in this civil action.

The original complaint was filed on December 2, 1959. On April 4, 1960, by leave of this Court, an amended complaint was filed.

The amended complaint alleges, *inter alia*, that on February 6, 1958, "the U. S. Air Force, through Southern Air Material Area Pacific, * * * at Clark Air Force Base, United States of America within the Republic of the Philippines," issued an invitation to bid for the purchase of certain obsolete ammunition; that plaintiff bid $280,989 and defendant Hugo Neu Corporation bid $93,000; that plaintiff was the high bidder; that plaintiff did everything necessary to qualify for the award of the purchase contract;

That officers and agents of the defendants Hugo Neu Corporation, Schnitzer Steel Products Company, Inc., and Island Equipment Company, Inc., and certain United States Air Force officers, with the intent of defeating the plaintiff's bid and preventing him from entering into the purchase contract with the United States, conspired to, and did, supply and cause to be supplied certain "derogatory information," which they knew to be false, to the person at Clark Field Air Base charged with the responsibility of awarding the purchase contract; that, in carrying out the conspiracy, acts were performed both in the territory of Guam and in the Republic of the Philippines;

That on September 12, 1958, the plaintiff was informed that his bid had been rejected; that on October 2, 1958, the purchase contract was awarded to defendant Hugo Neu; that but for the false, "derogatory information" which he received, the person at Clark Field Air Base responsible for awarding the purchase contract would have awarded it to the plaintiff and not, as he did, to defendant Hugo Neu.

I

■ "The place of wrong is * * * where the last event necessary to make an actor liable for an alleged tort takes place." A.L.I. Restatement, Conflict of Laws, § 377 (1934). The theory developed by the amended complaint is that the plaintiff was injured by the award of the purchase contract to Hugo Neu, instead of to the plaintiff. Therefore, the "last event necessary" to make the defendants liable for the alleged tort was the awarding of the purchase contract to Hugo Neu, and it appears from the amended complaint that this happened in the Republic of the Philippines.

"The law of the place of wrong determines whether a person has sustained a legal injury." A.L.I. Restatement, Conflict of Laws, § 378 (1934). As the Republic of the Philippines is the "place of wrong" in the present action, the law of that country determines whether the plaintiff has sustained a legal injury, and the nature thereof.

■ The following is a portion of the Guam judicial notice statute:

"Courts take judicial notice of the following facts:

* * * * * *

"3. * * * the laws of the several States of the United States and

the interpretation thereof by the highest courts of applate [sic] jurisdiction of such states *. * *." Guam Code Civ.Proc. (1953), § 1875.

According to this section this Court is authorized to take judicial notice of the law of any of the United States, but not of the law of a foreign country. The Guam statute is substantially identical to one which was in force in California from 1927 to 1957. Between those dates the California rule was that where the law of a foreign country was not pleaded and proved, like any other fact, it was presumed to be *the same* as the law of the *lex fori*. See Christ v. Superior Ct., 1931, 211 Cal. 593, 296 P. 612, 614.

The Federal Rules of Civil Procedure apply to this Court in civil cases. 48 U.S.C.A. § 1424(b) (1959 Cum.Ann. Pocket Part). Federal Rule of Civil Procedure 8(a) (2), 28 U.S.C.A., makes the *pleading* of the law of a foreign country unnecessary. Siegelman v. Cunard White Star, 2 Cir., 1955, 221 F.2d 189, 196. However, even though in Guam a party is not required, by virtue of the Federal Rules of Civil Procedure, to *plead* the pertinent law of a foreign country, this does not negate the rule that where the foreign law is not pleaded and proved, it will be presumed to be the same as that of the *lex fori*. Hence, where a party chooses not to plead the applicable foreign law, until an offer of proof of such law is made at the appropriate time, this Court has no alternative but to (1) assume that the party has no intention of making such an offer of proof and (2) follow the rule set forth above and presume that the foreign law is the same as that of Guam.

Since, in the present action, the relevant Philippine law has not been pleaded, it will be presumed to be, throughout the following discussion, the same as the law of Guam.

## II

The first motion which this Court will consider is Hugo Neu's motion to dismiss the amended complaint on the ground that it "fails to state a claim within the jurisdiction of this Court, in that it alleges no cause in Guam." This is a motion to dismiss the amended complaint for "lack of jurisdiction over the subject matter." F.R.Civ.P. 12(b) (1).

■■ Plaintiff's claim is actionable and must be construed as an action for "interference with prospective advantage." Prosser, Law of Torts 745–56 (2d ed. 1955). Such an action sounds in tort. Kamm v. Flink, 1934, 113 N.J.L. 582, 175 A. 62, 65, 99 A.L.R. 1. "An action to recover damages, for a tort, is not local but transitory, and can, as a general rule, be brought wherever the wrongdoer may be found." Mann v. Pacific Atlantic Steamship Co., D.C.S.D. N.Y.1935, 10 F.Supp. 527, 528. This is true even where the tort occurred outside the United States. See Newton Jackson Co. v. Barclays Bk., Sup.1954, 133 N.Y.S.2d 726, 729.

■ The jurisdiction of this Court is delineated in the following code section:

"* * * The District Court of Guam shall have the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties, and laws of the United States * * * [and] shall have original jurisdiction *in all other causes in Guam* * * *." 48 U.S.C.A. § 1424(a) (1959 Cum.Ann. Pocket Part) (emphasis added).

Bottoming its argument, in support of the motion being considered, on the language just quoted and emphasized, defendant Hugo Neu contends that if plaintiff has any cause of action at all, it is one which arose in the Republic of the Philippines, and, therefore, it is not a cause "in Guam," and this Court has no jurisdiction over it for that reason. It appears that Hugo Neu's argument is that the words "causes in Guam" mean only causes of action which arose in Guam and not transitory causes of action which arose elsewhere.

The language in question appeared in the original version of the Organic Act of Guam. 64 Stat. 384, 390 (1950), 48 U.S.C.A. § 1421 et seq. The legislative history of that act successfully refutes

Hugo Neu's argument and demonstrates that Congress intended for this Court to have jurisdiction over transitory causes of action arising outside of Guam:

"Another section to which the Senate committee devoted considerable time and thought was that concerning the establishment of a court system on Guam.

"Given a period of peace, the growth of Guam as a transportation and commercial center for American interests in the Far East seems almost a foregone conclusion. *American business enterprise in the area will want, and need, a center in which it can have the full protection of American laws and legal procedure.*

"Formerly this need was supplied by the United States Court for China, which had its headquarters in Shanghai, but that court was abolished by the treaty with China ending extraterritoriality * * *." S.Rept. No. 2109, 81st Cong., 2d Sess. (1950) in 1950 U.S.Code Cong. Service 2840, 2843 (emphasis added).

Consequently, the motion of Hugo Neu to dismiss the amended complaint on the ground that it "fails to state a claim within the jurisdiction of this Court, in that it alleges no cause in Guam," must be denied.

### III

Defendant United States moves this Court,

To dismiss the Amended Complaint herein as against the defendant, United States of America, on the grounds that the Court lacks jurisdiction for the reason that plaintiff's claim arises in a foreign country and is excluded from any waiver of sovereign immunity under the express provisions of Section 2680(k) of Title 28, United States Code.

Like the motion just discussed, this one is also a motion to dismiss the amended complaint for "lack of jurisdiction over the subject matter." F.R.Civ.P. 12(b)(1).

The statute invoked by the United States in support of its motion reads as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

\* \* \* \* \* \*

"(k) Any claim arising in a foreign country." 28 U.S.C.A. § 2680 (1950 ed.).

The "section 1346(b)" referred to is a part of the Federal Tort Claims Act and is the statute under which the present action is brought against the defendant United States.

As stated above, it is alleged that the plaintiff was injured by the award of the purchase contract to Hugo Neu, instead of to the plaintiff. The act of awarding the purchase contract to Hugo Neu took place in the Republic of the Philippines, and it was this act which gave rise to the plaintiff's alleged cause of action. The amended complaint characterizes the federal contracting agency as "Southern Air Material Area Pacific, * * * at Clark Air Force Base, *United States of America within the Republic of the Philippines.*" (Emphasis added) Perhaps this is an attempt to indicate that the action did not arise "in a foreign country," because the act of awarding the purchase contract had to have occurred on a *United States* air base, viz., Clark Field Air Base, Pampanga Province, Republic of the Philippines.

United States v. Spelar, 1949, 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3, is directly in point. In that case the plaintiff brought a suit under the Federal Tort Claims Act in the United States District Court for the Eastern District of New York for the wrongful death of her husband. The husband had been killed in a take-off crash at a United States air field, Harmon Field, located on the island of Newfoundland. The United States Supreme Court held that the claim was barred by what is now section 2680(k) of title 28 of the United States Code.

In delivering the Supreme Court's opinion, Mr. Justice Reed said,

"* * * Sufficient basis for our conclusion lies in the express words of the statute. We know of no more accurate phrase in common English usage than 'foreign country' to denote territory subject to the sovereignty of another nation. By the exclusion of 'claims arising in a foreign country,' the coverage of the Federal Tort Claims Act was geared to the sovereignty of the United States. We repeat what was said in Vermilya-Brown, 335 U.S. at page 380, 69 S.Ct. at page 142. 'The arrangements under which the leased bases were acquired from Great Britain did not and were not intended to transfer sovereignty over the leased areas from Great Britain to the United States.' Harmon Field, where this claim 'arose,' remained subject to the sovereignty of Great Britain and lay within a 'foreign country.'" Id., 338 U.S. at page 219, 70 S.Ct. at page 11 (footnote omitted).

The case of Vermilya-Brown Co. v. Connell, 1948, 335 U.S. 377, 69 S.Ct. 140, 93 L.Ed. 76, referred to in the language just quoted, dealt with a United States military base in Bermuda. It involved the identical international agreement dealt with in United States v. Spelar, supra, 1949, 338 U.S. 217, 70 S.Ct. 10, 94 L.Ed. 3. As shown by the quoted statement, it was decided in that latter case that the international agreement did not give the United States sovereignty over the areas leased. Comparing this international agreement with Great Britain with the one under which the United States occupies Clark Field Air Base in the Republic of the Philippines, the United States Supreme Court said,

"* * * The rights of control over the areas obtained by the United States from the Republic of the Philippines *are quite similar* to those obtained over the Bermuda base." Vermilya-Brown Co. v. Connell, supra, 1948, 335 U.S. 377, 384 note 7, 69 S.Ct. 140, 144, 93 L.Ed. 76.

This gives a strong indication that the United States Supreme Court is of the opinion that the United States does not have sovereignty over Clark Field Air Base and the other areas covered by the international agreement with the Republic of the Philippines. Furthermore, upon reading the international agreement with the Republic of the Philippines, Agreement Between the United States of America and the Republic of the Philippines Concerning Military Bases, March 14, 1947, Part IV, 61 Stat. 4019 (1948), which has a *limited* effective life of ninety-nine years, this Court is of the opinion that the United States does not possess that "exclusive power to control and govern" the Clark Field Air Base area, coupled with the intention to retain it *permanently*, which is the test of sovereignty for the purpose of the code section under consideration. Cobb v. United States, 9 Cir., 1951, 191 F.2d 604, 608, certiorari denied 1952, 342 U.S. 913, 72 S.Ct. 360, 96 L.Ed. 683. Moreover, "the transfer *temporarily* of a measure of sovereignty" over the Clark Field Air Base area is not sufficient to deem it to be other than part of a foreign country. Burna v. United States, 4 Cir., 1957, 240 F.2d 720, 721, 63 A.L.R.2d 993, 995 (emphasis added).

Since the Republic of the Philippines, and not the United States, has "sovereignty" over Clark Field Air Base, and since the plaintiff's alleged cause of action arose there, it follows that the plaintiff's claim is one "arising in a foreign country" and is barred from being asserted against defendant United States. The motion of the United States, based on 28 U.S.C.A. § 2680(k) (1950 ed.), to dismiss the amended complaint for "lack of jurisdiction over the subject matter" must be granted.

Because of this disposition of the motion just considered, there is no need to consider the other motions made by defendant United States. Iafrate v. Com-

pagnie Generale Transatlantique, D.C.S. D.N.Y.1952, 106 F.Supp. 619, 622.

## IV

■ Defendant Schnitzer Steel has moved this Court to quash the service made upon it, which service was made pursuant to Civil Code of Guam (1953), § 406, "on the ground that the complaint on its face shows that substituted service is *not authorized* and that the service is void." (Emphasis added) See F.R. Civ.P. 12(b) (5). In other words, Schnitzer Steel contends that it was not intended by the Guam Legislature that Civil Code of Guam (1953), § 406 should apply to a situation such as that in the present case and that the statute should not be so construed by this Court.

The relevant portion of the statute reads as follows:

"* * * Should there be no person authorized by the corporation upon whom service of summons, process, and all legal notices may be made, service of summons, process, and legal notices may be made upon the Director of Finance and such service shall be as effective as if made upon the corporation or upon its duly authorized agent * * *."
Guam Civil Code (1953), § 406.

At the hearing held on this motion Schnitzer Steel admitted that it had no agent in Guam upon whom service of process could be made. It argued that service pursuant to Civil Code of Guam (1953), § 406 is effective only in a "local situation," by which it appears to mean where the plaintiff is a local resident and the cause of action arises in Guam. The question, then, is whether Civil Code of Guam (1953), § 406 authorizes constructive service only where a suit is brought by a local resident on a claim arising in Guam. It has been stated above that the present civil action arose in the Republic of the Philippines; the original and amended complaints allege that the plaintiff is "a resident of the state of Hawaii."

There is no language in Civil Code of Guam (1953), § 406 indicating that the Guam Legislature intended such a restrictive application of that code section. What is more, this Court does not feel that the various arguments advanced by Schnitzer Steel establish the latter's interpretation of the statute. One authority cited by the defendant in support of its motion is MacInnes v. Fontainebleau Hotel Corporation, 2 Cir., 1958, 257 F.2d 832. That case is not in point. It merely holds that a certain Florida corporation was not doing business in the forum state of New York. In the present case Schnitzer Steel has addressed its motion to what is shown by the "complaint on its face," and the original and amended complaints allege that "Schnitzer Steel Products Co., Inc., is a corporation organized under the laws of the State of Oregon and *doing business in the territory of Guam* as a foreign corporation." (Emphasis added)

The motion to quash service must be denied.

## V

■ The next two motions which will be considered are (1) a motion made by defendants Schnitzer Steel and Island Equipment "to dismiss the amended complaint * * * on the ground that this action is barred by the provisions of Section 340 of the Code of Civil Procedure of Guam as is shown on the face of the complaint" and (2) a motion made by defendant Hugo Neu to dismiss the amended complaint on the ground that it "fails to state a claim upon which relief can be granted, in that the only cause of action purported to be stated is barred by Sections 335 and 340(3) of the Code of Civil Procedure of Guam." These are *both*, properly speaking, motions to dismiss the amended complaint for "failure to state a claim upon which relief can be granted." F.R.Civ.P. 12(b) (6).

The moving parties contend that the following sections of the Code of Civil Procedure of Guam (1953) comprise the applicable statute of limitations, and that it bars the present action:

§ 335. *Periods of limitation prescribed.* The periods prescribed for the commencement of actions other

than for the recovery of real property, as [*sic*] as follows:"

"§ 340. *Within 1 year*—

\* \* \* \* \* \*

"3. An action \* \* \* for injury to or for the death of one caused by the wrongful act or neglect of another . \* \* \*."

It has ben held that,

" \* \* \* The clause 'or for injury to or for the death of one caused by the wrongful act or neglect of another,' in subdivision 3 of section 340, Code of Civil Procedure, embraces therein all infringements of *personal rights* as opposed to *property rights*." Simons v. Edouarde, 1950, 98 Cal.App.2d 826, 221 P.2d 203, 204 (Emphasis added).

Therefore, since the one-year statute of limitations can be interposed as a bar to the present action only if the plaintiff's amended complaint pleads the infringement "of personal rights as opposed to property rights," it must be determined which type of infringement is involved herein.

Kamm v. Flink, supra, 1934, 113 N.J. L. 582, 175 Atl. 62, 99 A.L.R. 1, was an action, like the present one, for interference with prospective advantage or, more specifically, an action for "maliciously inducing a person not to enter into a contract with another, which he would otherwise have entered into." Id., 175 A. at page 68. In discussing the nature of the right violated, the New Jersey Court of Errors and Appeals said,

"The case pleaded falls naturally into the classification of an actionable *infringement of a property right*, i. e., the right to pursue one's business, calling, or occupation free from undue interference or molestation \* \* \*.

"The right to pursue a lawful business is a *property right* that the law protects against unjustifiable interference." Id., 175 A. at page 66 (Emphasis added).

The present action, then, is for the infringement of a property right, and the statute of limitations invoked by the moving parties, in support of their respective motions, is not applicable to it. For this reason, those motions must be denied.

## VI

■ Defendant Hugo Neu moves this Court to dismiss the amended complaint upon the ground that it fails to comply with Federal Rule of Civil Procedure 8, in that it does not contain "a short, plain, simple, concise or direct statement of the claims showing that plaintiff is entitled to relief."

Chief Judge Clark, in a comprehensive opinion dealing with this problem, stated,

" \* \* \* It is well to go back .to the rules themselves and their intended purpose. To this end we accept as definitive the precise statement formulated by the Advisory Committee in the light of both purpose and experience to answer criticisms based on some dispute in the interpretation of the rules \* \* \*. The following extracts therefrom are directly pertinent to our present discussion: 'The intent and effect of the rules is to permit the claim to be stated in general terms; the rules are designed to discourage battles over mere form of statement and to sweep away the needless controversies which the codes permitted that served either to delay trial on the merits or to prevent a party from having a trial because of mistakes in statement. \* \* \* It is accordingly the opinion of the Advisory Committee that, as it stands, the rule adequately sets forth the characteristics of good pleading; does away with the confusion resulting from the use of "facts" and "cause of action"; and requires the pleader to disclose adequate information as the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled

to it.'" Nagler v. Admiral Corporation, 2 Cir., 1957, 248 F.2d 319, 324.

After carefully reading the amended complaint, this Court is of the opinion that it discloses "adequate information," albeit employing many "general terms," as to the basis of the plaintiff's claim for relief. The motion must be denied.

## VII

Defendants Schnitzer Steel and Island Equipment move this Court to "strike all references to acts in the Republic of the Philippines on the grounds that Philippine law must be pleaded and in the absence of such pleading of Philippine law the presumption is that the acts do not constitute a violation of law or right." This problem has been thoroughly dealt with under I, supra, and, in the light of that discussion, this motion must be denied.

## VIII

The "First Motion" of defendants Schnitzer Steel and Island Equipment, which is one to "dismiss the amended complaint on file herein on the ground that the complaint fails to state a claim upon which relief can be granted," see F.R.Civ.P. 12(b) (6), filed on May 19, 1960, is without merit and must be denied.

## IX

It has been agreed among the plaintiff, defendant Schnitzer Steel and defendant Island Equipment that the hearing on the "Third" through "Seventh," inclusive, and "Ninth" through "Eleventh," inclusive, motions filed by defendants Schnitzer Steel and Island Equipment on May 19, 1960, should be deferred until a later date in order to give them an opportunity to explore the possibility of entering a stipulation regarding those motions. Because of this, those motions will not be considered at this time.

## Order

The following three motions made by defendant Hugo Neu are denied:

1. To dismiss the amended complaint on the ground that it "fails to state a claim within the jurisdiction of this Court, in that it alleges no cause in Guam";

2. To dismiss the amended complaint on the ground that it "fails to state a claim upon which relief can be granted, in that the only cause of action purported to be stated is barred by Sections 335 and 340(3) of the Code of Civil Procedure of Guam"; and

3. To dismiss the amended complaint upon the ground that it fails to comply with Federal Rule of Civil Procedure 8, in that it does not contain "a short, plain, simple, concise or direct statement of the claims showing that plaintiff is entitled to relief."

The motion made by defendant United States to dismiss the amended complaint "on the grounds that the Court lacks jurisdiction for the reason that plaintiff's claim arises in a foreign country" is granted and the amended complaint is dismissed insofar as it purports to state a claim against the defendant United States.

The motion made by defendant Schnitzer Steel to quash service is denied.

The following three motions made by defendants Schnitzer Steel and Island Equipment are denied:

1. To dismiss the amended complaint "on the ground that this action is barred by the provisions of Section 340 of the Code of Civil Procedure of Guam as is shown on the face of the complaint";

2. To "strike all references to acts in the Republic of the Philippines"; and

3. To dismiss the amended complaint "on the ground that the complaint fails to state a claim upon which relief can be granted."

Defendants Hugo Neu Corporation, Schnitzer Steel Products Company, Inc., and Island Equipment Company, Inc., shall answer within thirty (30) days after notice of this opinion and order.

It is so ordered.