[No. 6,653.—Department Two.]

# HONORA SHARP v. THOMAS S. MILLER.

STATUTE OF LIMITATIONS—MALICIOUS ATTACHMENT.—The Statute of Limitations begins to run against a claim for damages for maliciously procuring the levy of an attachment at time of the levy.

APPEAL from a judgment for the defendant, in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

*Hunt & Rising*, and *G. F. & W. H. Sharp*, for Appellant.

*P. B. Ladd*, for Respondent.

MYRICK, J.:

This action was brought to recover damages for the malicious and groundless suing out of a writ of attachment in a suit against a third party, and levying it upon real estate belonging to and standing in the name of plaintiff. The alleged levy was June 17th, 1874, and this action was not commenced within two years thereafter. The defendant demurred on several grounds, among others that the cause of action was barred by the Statute of Limitations. (§ 339, subd. 1, Code Civ. Proc.) Upon that ground, the Court below sustained the demurrer, and plaintiff appealed. It is alleged in the complaint, that plaintiff bargained the premises to one Forbes, but that in consequence of the levy he refused, February 4th, 1875, to complete the purchase; and that the suit was pending until January 25th, 1877, at which time judgment was rendered against the plaintiff therein, who is the defendant here; and it is urged that the statute did not commence to run until the final determination of that suit, or at least until Forbes's refusal to complete the purchase. Even granting (which we do not) that plaintiff ever had a cause of action, we are of opinion that the Statute of Limitations commenced to run June 17th, 1874.

Judgment affirmed.

MORRISON, C. J., and THORNTON, J., concurred.