[No. 11640.   Department One. — October 22, 1888.]

TILLATHA C. McCUSKER, RESPONDENT, *v.* THOMAS WALKER, APPELLANT.

MALICIOUS ATTACHMENT — STATUTE OF LIMITATIONS. — A cause of action for a malicious attachment of the property of the plaintiff without probable cause is barred in two years from the date of the levy of the attachment, and the accruing of the cause of action is not postponed until a dissolution of the attachment, nor is a motion to dissolve it necessary before commencing the action.

ATTACHMENT — MINISTERIAL DUTY OF CLERK. — The issuance of a writ of attachment is not a judicial proceeding, but a ministerial act on the part of the clerk, which he is bound to perform on the filing of the statutory affidavit and undertaking.

Appeal from a judgment of the Superior Court of Monterey County, and from an order refusing a new trial.

The facts are stated in the opinion.

*A. S. Kittredge,* for Appellant.

The action is barred by the two years' limitation. (Code Civ. Proc., sec. 339; *Pitler* v. *S. P. R. R. Co.,* 52 Cal. 42; *Wood* v. *Currey,* 57 Cal. 208; *Sharp* v. *Miller,* 57 Cal. 431; *Taylor* v. *Bidwell,* 65 Cal. 489; *Raynor* v. *Mintzer,* 72 Cal. 585.) The issuance of an attachment is a ministerial and not a judicial act. (*Lick* v. *Madden,* 36 Cal. 208; 95 Am. Dec. 175.) It is not like an injunction, which requires a dissolution before suit. (*Anderson* v. *Coleman,* 56 Cal. 124.)

*T. H. Lain, N. A. Dorn,* and *W. M. R. Parker,* for Respondent.

Section 338, subdivision 1, Code of Civil Procedure, applies to this case. We could not have sued when there was an adjudication of the court below that the levy was legal and proper. (Drake on Attachment, 6th ed., sec. 729.) This case differs from those relied on by appellant, because the gist of this action is the taking of the personal property of plaintiff.

Belcher, C. C. — In January, 1881, the defendant herein, Thomas Walker, purchased certain real property at a sale under a decree of foreclosure of mortgage, and in due time received the sheriff's deed therefor. The plaintiff herein, Tillatha C. McCusker, was a party to the foreclosure suit, and was in possession of the property when the sale was made and up to the time when the sheriff's deed was executed. On the twenty-seventh day of August, 1881, Walker commenced an action against McCusker to recover the sum of twelve hundred dollars, the alleged value of the use and occupation of

the property during the six months allowed for redemption. At the time of commencing his action, Walker filed an affidavit and undertaking, and procured a writ of attachment to be issued, under which certain personal property of McCusker was, on the same day, seized and taken into his possession by the sheriff. In September following, McCusker moved the court to dissolve the attachment, on the ground that the alleged indebtedness was not on a contract, express or implied, for the direct payment of money. This motion was denied in October, and an appeal from the order was taken to this court. On the twenty-eighth day of June, 1884, the order was reversed (65 Cal. 360), and on the twenty-second day of August following, an order was entered in the court below dissolving the attachment.

This action was commenced on the twenty-fourth day of August, 1884, to recover damages alleged to have been sustained by the plaintiff in consequence of the wrongful issuance of the attachment in the case of *Walker* v. *McCusker.* It is alleged in the complaint that "plaintiff in said action willfully, maliciously, wrongfully, and unlawfully, and without probable cause, made application to the clerk of said court for a writ of attachment against the property of this plaintiff, . . . . and the writs were improperly, irregularly, wrongfully, and maliciously, and without probable cause, issued." It is further alleged that the plaintiff was a farmer, and that the property attached "was used in and was necessary to her said business of farming, and thereby the business of plaintiff was utterly broken up, and said property and the use thereof was lost to plaintiff, and her credit was destroyed, to her damage in the sum of ten thousand dollars; that the property so attached was of the value of six thousand dollars, and has been by reason of said attachment wholly lost to plaintiff, to her damage in the further sum of six thousand dollars." The prayer is for damages in the sum of sixteen thousand dollars, and for costs.

The defendant answered, and among other defenses set up, alleged that the cause of action was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

The trial was by a jury, and the plaintiff introduced evidence showing, among other things, that the value of the property attached was, at the time of the levy, about $2,250.

When the plaintiff rested her case, the defendant moved for a nonsuit, on the ground that it appeared from the plaintiff's evidence that the attachment was levied on the 27th of August, 1881, and this action was not commenced till the 24th of August, 1884, and that her cause of action was, therefore, barred by the statute of limitations.

The court denied the motion, and the defendant reserved an exception.

The defendant then introduced evidence tending to show that the value of the property attached was, at the time of the levy of the attachment, about the sum of $1,450, and that on the 20th of March, 1884, judgment in the said suit of *Walker* v. *McCusker* was entered in favor of the plaintiff and against the defendant for the sum, including interest and costs, of $1,197.50.

The jury returned a verdict for plaintiff for $3,214.40, on which judgment was entered. The defendant moved for a new trial, and has appealed from the judgment and an order denying his motion, and now insists that plaintiff's cause of action was barred in two years after the levy of the attachment, and that the court erred in not granting his motion for nonsuit.

The question is, Does the two years' limitation, provided by subdivision 1 of section 339 of the Code of Civil Procedure, apply, or the three years' limitation provided by subdivision 3 of section 338?

It is clear, we think, that the *gravamen* of the action is the alleged suing out and levying the writ of attach-

ment maliciously and without probable cause. Apt words are used to describe a cause of action for malicious prosecution, and they must be presumed to have been used by design, the words "and without probable cause" having been added by an amendment made at the trial. The averments as to the injury done to the plaintiff's business and credit, and as to the value and loss of the property taken, were evidently inserted to furnish a basis for proof of damages. The plaintiff might have brought an action for the taking and detention of her property, but she elected to sue for the malicious prosecution of a process of law, and apparently chose the latter form of action because greater damages could thereby be recovered. (Civ. Code, sec. 3294.)

But where the gist of an action is a malicious prosecution, the statute begins to run when the wrongful act is done, and the limitation is two years.

In *Sharp* v. *Miller*, 57 Cal. 431, the action was brought to recover damages for the malicious suing out of a writ of attachment and levying it upon the real property of plaintiff; and it was held that the action was barred after two years from the time of the levy. So in *Wood* v. *Currey*, 57 Cal. 208, the action was brought to recover damages for maliciously causing a writ of execution to be issued on a judgment which had been satisfied, and levying it upon the plaintiff's real property, and it was held that the two years' limitation applied, and that the action was barred. (See also *Sharp* v. *Miller*, 54 Cal. 329; *Taylor* v. *Bidwell*, 65 Cal. 489.)

We do not consider this case distinguishable in principle from the cases cited. Here, as there, the gist of the action was the malicious act of the defendant, and whether the levy was upon personal or real property is immaterial. Nor was the plaintiff's right of action postponed till the attachment was dissolved. The issuance of the writ was not a judicial proceeding, but a ministerial act on the part of the clerk, which he was bound

to perform on the filing of the statutory affidavit and undertaking. (Code Civ. Proc., secs. 538, 539.) Plaintiff might have commenced her action immediately after the writ was levied, and a motion to dissolve it was not necessary. The damages caused by the wrongful act had not all been sustained at that time, but the resulting damages might have been recovered.

In our opinion the action was barred, and the court should have granted the defendant's motion for nonsuit.

It follows that the judgment and order should be reversed, and the cause remanded for further proceedings.

FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the cause remanded for further proceedings.

Hearing in Bank denied.