## BERSON v. EWING et al.*

### No. 12,702; May 8, 1890.

#### 23 Pac. 1112.

**Malicious Prosecution—Surviving Partner—Limitations.**—In an
action by a surviving partner, the complaint alleged that defendants
maliciously prosecuted a claim against plaintiff's firm, knowing that
it was fraudulent; that, to maliciously injure said firm, they caused
an attachment to be levied on merchandise thereof; that the action
resulted in a judgment for plaintiff. Held, that the main cause of
action set out was the malicious prosecution, and that the determi-
nation of the action in plaintiff's favor, and not the levy of the attach-
ment, which was a mere incident, fixed the date from which the
statute ran against the present action. Distinguishing McCusker v.
Walker, 77 Cal. 208, 19 Pac. 382.

**Malicious Prosecution—Surviving Partner.**—Under Civil Code,
section 2461, providing that "a partner authorized to act in liquida-
tion may collect, compromise, or release any debts due to the partner-
ship, pay or compromise any claims against it, and dispose of the
partnership property," a surviving partner may sue for damages to the
partnership estate by reason of a malicious prosecution of a claim;
the words "debts" and "claims" being here used synonymously.

APPEAL from Superior Court, City and County of San
Francisco.

---

*For subsequent opinion in bank, see 84 Cal. 89, 23 Pac. 1112.

Royce & Crimmins for appellant; Lloyd & Wood and E. F. Preston for respondents.

GIBSON, C.—This is an action brought by plaintiff, as the surviving partner of the firm of A. Berson & Son, against all the defendants except R. E. Corson, as partners under the firm name of Ewing, Plum & O'Brien, and said Corson, to recover damages for maliciously prosecuting another suit on a fraudulent claim, and obtaining a writ of attachment thereon, and causing the same to be levied upon the property of the firm of A. Berson & Son. Two demurrers to plaintiff's complaint were filed—one by defendants Flood and Coleman and the other by defendants Plum and Corson. Both were sustained, and judgment thereupon entered for defendants. From this judgment, plaintiff appeals. The complaint is, in substance, as follows: The plaintiff and A. Berson were partners doing business in the city and county of San Francisco under the firm name of A. Berson & Son until December 24, 1883 (?), when the said A. Berson died. On or about the first day of June, 1885, the defendants other than Corson, who were then and still are partners under the firm name of Ewing, Plum & O'Brien, maliciously, and for the purpose of injuring A. Berson & Son, pretended to have a claim against the latter for a large amount of money, though they (Ewing, Plum & O'Brien) well knew that such claim was fraudulent, and did not in fact exist; and, in order to carry out their malicious intention to injure and oppress A. Berson & Son, they (Ewing, Plum & O'Brien), on the date last mentioned, conspired with defendant Corson, whereby the latter took an assignment of the fraudulent claim, and brought suit thereon in his own name, as assignee, against A. Berson & Son, in the superior court of the city and county of San Francisco. In furtherance of his conspiracy with Ewing, Plum & O'Brien, and further intending to maliciously injure A. Berson & Son, he (Corson), on the date last referred to, without cause, sued out a writ of attachment in the action brought by him, and caused the same to be levied upon the merchandise of A. Berson & Son, consisting of carpets, upholstery, and furniture, in their store in said city and county, and placed a sheriff's keeper in charge of the same. Thereafter, and be-

fore the trial of said action, the plaintiff caused the court, by its order, to bring in Ewing, Plum & O'Brien as proper and necessary parties to the action. On or about June 14, 1887, the said action was tried by the court without a jury, and resulted in a judgment on the said pretended claim in favor of plaintiff and against Ewing, Plum & O'Brien and Corson, by which judgment the attachment was dissolved. The bringing of said action and levying the writ of attachment issued therein damaged A. Berson & Son in their business and credit, and caused them to sustain loss by the stoppage of goods in transitu from New York, and by being compelled to pay attorneys' fees in obtaining a dissolution of the attachment, keepers' fees, and costs of other attachments levied upon their merchandise.

The argument of the respondent in support of the ruling of the court below is: First, that the action is barred by the provisions of section 339 of the Code of Civil Procedure, because it appears from the face of the complaint that more than two years have elapsed between the date of the issuance of the writ of attachment and the commencement of this action; second, that under section 2461 of the Civil Code, the plaintiff has no capacity, as a surviving partner, to maintain this action.

The respondents' counsel, in their first point, have evidently mistaken the scope of the complaint, by confining it to the wrongful issuance and levy of the writ of attachment. The main cause of action is for the malicious prosecution of a civil action; and all the facts necessary to maintain it appear in the complaint, to wit, that defendants maliciously, and without probable cause, prosecuted an action upon an unfounded claim against plaintiff's firm to their damage, and which action was determined in their favor: Eastin v. Bank of Stockton, 66 Cal. 123, 4 Pac. 1106; Kinsey v. Wallace, 36 Cal. 462. The writ of attachment was a mere incident of the action complained of, but the use made of it aggravated the damages which resulted from the prosecution of said action; and it is settled in this state, by Eastin v. Bank of Stockton, supra, that the prosecution without probable cause of an unfounded civil proceeding, in which a writ of attachment is not issued, is actionable on the part of anyone injured by such a proceeding. One of the essential facts to the maintenance of an action of the kind before

us is, as above stated, that the malicious suit terminated in favor of the party against whom it was prosecuted. Were this not so, the plaintiff might recover for the malicious suit, and still have judgment rendered against him in such suit. Now, the malicious prosecution complained of in this case did not terminate in favor of plaintiff's firm until June 14, 1887; and, although the record here does not disclose when the original complaint in this case was filed, it does show that the amended complaint was filed November 8, 1887, from which we must infer that the action was commenced on or prior to that date. It is therefore clear that the period of two years prescribed in section 339, subdivision 1, of the Code of Civil Procedure, within which actions of this character may be brought, had not elapsed when the amended complaint was filed. McCusker v. Walker, 77 Cal. 208, 19 Pac. 382, and Sharp v. Miller, 57 Cal. 431, relied upon by respondents' counsel to show that the cause of action here is barred by the provision of the Code of Civil Procedure above mentioned, do not apply. In the first case, the levy of the attachment complained of was made in an action which was brought by a purchaser of realty at a foreclosure sale against one of the parties to the foreclosure suit, to recover the value of the use and occupation of the realty during the period of redemption, i. e., from the date of the sale until he received his deed from the sheriff. He was entitled to the value of the use and occupation of the premises (Code Civ. Proc., sec. 707), but the writ of attachment which he caused to issue and be levied upon some personal property of McCusker was illegal; and it was held that, being illegal, the right of action for damages sustained thereby accrued when the writ was issued and levied, and that, more than two years having elapsed from that time before the action thereon was commenced, it was barred by section 339, Code of Civil Procedure. The second case is, in effect, the same as the first, and is commented on in it. It is to be observed that in each of those cases the gist of the action was the wrongful issuance and levy of the writ of attachment while in the case here the gist of the action is the malicious prosecution of an unfounded action, in which, so far as the record is concerned, a writ of attachment might have properly issued.

Section 2461 of the Civil Code, relied upon by respondents' counsel in their second point, reads as follows: "A partner authorized to act in liquidation may collect, compromise, or release any debts due to the partnership, pay or compromise any claims against it, and dispose of the partnership property." This, they claim, is the measure of the surviving partner's power. Under it, he may collect debts only, but may release or compromise claims against the partnership. Now, while the word "debt," in its legal sense, does not, like the word "claim," include a demand for damages arising from a tort, still we think they were used in the above section synonymously, and probably to avoid repetition, and that the term "debt" was intended to have an application as broad as that of the word "claim." It would indeed be strange if a surviving partner could compromise any claim against the firm, but could neither compromise nor enforce one in favor of it. By section 1585 of the Code of Civil Procedure a "surviving partner has the right to continue in possession of the partnership, and to settle its business . . . . without delay." The power to settle gives full authority to the surviving partner to do everything that may be necessary to wind up the affairs of the partnership, but he can do nothing which is not indispensable to this end: T. Pars. Partn. 388. The case of Lawrence v. Martin, 22 Cal. 174, cited by respondents, simply goes to the point that the claim, being one arising out of a tort, is unassignable. It by no means sustains the proposition that a surviving partner cannot maintain an action on such a claim for damages sustained by the partnership estate.

It therefore follows that the court erred in sustaining the demurrers to the complaint; and we advise that the judgment be reversed and the cause remanded, with directions to the court below to overrule the demurrers, and grant defendants leave to answer within the usual time.

We concur: Belcher, C. C.; Foote, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrers, and grant defendants leave to answer within the usual time.