[Civ. No. 22744. Second Dist., Div. Three. July 22, 1958.]

JOHN G. OPPENHEIMER, Appellant, v. W. D. TAMBLYN et al., Defendants; WAYNE S. VANCE, Respondent.

John G. Oppenheimer, in pro. per., for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), and William B. Burge, Deputy City Attorney, for Respondent.

SHINN, P. J.—The present action is against W. D. Tamblyn, R. C. Briggs, Irving Gordon and Wayne S. Vance to recover damages for malicious prosecution. Vance demurred to the complaint. The court sustained his demurrer without leave to amend and entered judgment in his favor. Plaintiff appeals from the judgment dismissing the action as to Vance.

The complaint alleges: On or about February 15, 1955, defendants maliciously and without probable cause "instituted, caused, procured and instigated a criminal prosecution against the plaintiff for purported violation of section 679 of the Vehicle Code . . . ." Defendants "acted with oppression, fraud and malice" toward plaintiff. Plaintiff posted $53 bail and paid $50 for the services of an attorney in defending against the charge. Plaintiff also alleges: "After due proceedings had in said criminal prosecution, it was dismissed, and plaintiff's bail was exonerated." The prayer is for recovery of the attorney's fee and substantial general and exemplary damages.

Vance interposed a general and special demurrer; the grounds of general demurrer were that the complaint failed to allege that the prosecution terminated in a manner favorable to plaintiff and that the action is barred by the provisions of section 340, subdivision 3 of the Code of Civil Procedure. The special demurrer specified two respects in which the complaint was uncertain and ambiguous, viz., it did not allege whether the prosecution had been terminated, and, if so, whether it had been terminated in plaintiff's favor. The record does not disclose the ground or grounds on which the demurrer was sustained.

The elements of a cause of action for malicious prosecution are: (1) A judicial proceeding favorably terminated; (2) want of probable cause; and (3) malice. (*Jaffe* v. *Stone,*

18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775].) ▉ Where the complaint alleges no facts from which it can be concluded that the prior proceedings terminated favorably to the plaintiff, it fails to state a cause of action. (*Roos* v. *Harris*, 203 Cal. 201 [263 P. 225]; *Prentice* v. *Bertken*, 50 Cal.App.2d 344 [123 P.2d 96]; *Barrier* v. *Alexander*, 100 Cal.App.2d 497 [224 P.2d 436].) ▉ And, as the Supreme Court said in *Jaffe* v. *Stone, supra*, 18 Cal.2d 146, at page 150: "It is not enough, however, merely to show that the proceeding was dismissed. The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort . . . . [I]f the criminal proceeding goes to trial, it is ordinarily necessary, as a foundation for a malicious prosecution suit, that the plaintiff should have been acquitted. (Citations.) The same fundamental theory is applied in testing a dismissal or other termination without a complete trial on the merits. If it is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination."

▉ There is no statement in Oppenheimer's complaint of the ground for dismissal of the proceedings against him. The complaint was therefore subject to demurrer. But it does not follow that the demurrer should have been sustained without leave to amend. ▉ A violation of Vehicle Code, section 679 (operating a vehicle upon a highway in an unsafe condition) is a misdemeanor. The court is authorized to dismiss a prosecution for misdemeanor upon any of the following grounds: A failure to bring the accused to trial within 30 days after his arrest (Pen. Code, § 1382, subdivision 3); the sustaining of a demurrer to the accusatory pleading without leave to amend (Pen. Code, § 1008); a compromise between the accused and the injured party in cases where the latter has a civil remedy (Pen. Code, § 1378); in the furtherance of justice, upon the court's own motion or upon application by the prosecuting attorney (Pen. Code, § 1385). ▉ But it does not appear that the complaint could not have been amended to allege the fact, if it be the fact, that the proceedings against Oppenheimer were dismissed on some ground which established or tended to indicate his innocence. Unless

it is clear that a complaint cannot be amended to state a cause of action, it is error to sustain a demurrer without leave to amend. (39 Cal.Jur.2d 244.) We think that the court committed error in denying plaintiff leave to file an amended complaint.

The second ground of demurrer was that the action is barred by the statute of limitations. We do not believe that the demurrer could properly have been sustained on that ground.

The complaint was filed October 15, 1956. As we said earlier, it alleges that the criminal proceedings were instituted February 15, 1955. Respondent argues that a suit for malicious prosecution must be brought within one year following the act complained of, and that more than a year elapsed before the present action was filed. The argument cannot be maintained.

The period of limitations applicable to an action of this nature is indeed one year. (Code Civ. Proc., § 340, subd. 3; *Simons* v. *Edouarde,* 98 Cal.App.2d 826 [221 P.2d 203].) However, plaintiff's cause of action did not accrue until the proceedings against him were dismissed. (*Berson* v. *Ewing,* 84 Cal. 89 [23 P. 1112]; *Goland* v. *Peter Nolan & Co.,* 2 Cal.2d 96 [38 P.2d 783].) This is necessarily so, since no cause of action can exist before the prosecution has been terminated. The complaint does not allege the date of the dismissal. It is elementary that the bar of the statute of limitations must affirmatively appear upon the face of the complaint. (*Kraner* v. *Halsey,* 82 Cal. 209 [22 P. 1137]; *Pleasant* v. *Samuels,* 114 Cal. 34 [45 P. 998]; *Corra* v. *Higuera,* 153 Cal. 451 [95 P. 882, 17 L.R.A.N.S. 1018].)

Respondent did not urge that the complaint was uncertain in failing to allege the date of the dismissal, but if the point should be raised, uncertainty in that particular would not render the complaint fatally defective so as to preclude the right to amend.

The judgment is reversed.

Wood (Parker), J., and Nourse, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.