[Civ. No. 9563.   Third Dist.   Apr. 21, 1959.]

HORACE STOREY, Appellant, v. SHASTA FORESTS
COMPANY (a Corporation) et al., Respondents.

Alfred J. Hennessy for Appellant.

Carr & Kennedy and Lawrence J. Kennedy, Jr., for Respondents.

WARNE, J. pro tem.*—This is an appeal from a judgment entered in favor of the defendants after their demurrer to the complaint was sustained and plaintiff failed to amend.

The record shows that this is an action for malicious prosecution filed on December 3, 1957, against the defendant, William M. Beaty, and his employer, Shasta Forests Company, a corporation.   The complaint alleges, among other things, that on December 5, 1955, defendant Beaty, acting in the course and within the scope of his agency and employment, malici-

*Assigned by Chairman of Judicial Council.

ously and without probable cause filed a criminal complaint accusing plaintiff of the offense of grand theft, a felony; that plaintiff was arrested on said charge and held to answer in the Superior Court in and for the County of Tehama, where he was tried and acquitted on May 10, 1956.

Defendants demurred to the complaint on the ground that the action was barred under the provisions of section 340, subdivision 3, of the Code of Civil Procedure. This section provides, in part, that an action "for injury to or for the death of one caused by the wrongful act or neglect of another" is barred within one year after the wrongful act is committed.

Plaintiff contends that an action for malicious prosecution is governed by the two-year limitation provided for in subdivision 1 of section 339 of the Code of Civil Procedure, and, therefore, the action was timely filed. We do not agree with plaintiff.

In *Oppenheimer* v. *Tamblyn*, 162 Cal.App.2d 293 [327 P.2d 574], the court stated:

"The period of limitations applicable to an action of this nature [malicious prosecution] is indeed one year. (Code Civ. Proc., § 340, subd. 3; *Simons* v. *Edouarde*, 98 Cal.App.2d 826 [221 P.2d 203].)"

In *Simons* v. *Edouarde*, 98 Cal.App.2d 826 [221 P.2d 203], plaintiffs brought an action for fraudulent abuse of process based upon defendants' alleged wrongful eviction of plaintiffs by means of an unlawful detainer action, and a demurrer to the complaint was sustained without leave to amend on the ground that the action was barred by the provisions of section 340, subdivision 3, of the Code of Civil Procedure. In that action, as in the case at bar, the question was whether the cause of action was barred by section 340, subdivision 3. The court said, at page 828:

"This question must be answered in the affirmative. An action for injury to the person is barred within one year after the wrongful act is committed. (Code Civ. Proc., § 340, subd. 3.) The clause 'or for injury to or the death of one caused by the wrongful act or neglect of another,' in subdivision 3 of section 340, Code of Civil Procedure, embraces therein all infringements of personal rights as opposed to property rights. [Citing cases.]

"Likewise an action for abuse of process falls within the provisions of statutes of limitations covering 'injuries done to the person.' [Citing cases.]"

Likewise by analogy an action for malicious prosecu-

tion is an infringement of personal rights as opposed to property rights. In fact, plaintiff alleges in his complaint that he "suffered great distress of mind and body." Injuries of this nature are not damages to one's property, but injuries to one's person.

*Berson* v. *Ewing* (1890), 84 Cal. 89 [23 P. 1112]; *McCusker* v. *Walker* (1888), 77 Cal. 208 [19 P. 382]; *Sharp* v. *Miller* (1881), 57 Cal. 431, relied upon by plaintiff, were decided prior to 1905, the date of the amendment to subdivision 3 of section 340 of the Code of Civil Procedure, which brought within the scope of the section injuries to the person. And as pointed out in the Simons case, *supra*:

". . . The statement in *Mcrron* v. *Title Guarantee & Trust Co., supra*, page 122 [27 Cal.App.2d 119 (80 P.2d 740)], 'Undoubtedly it is the law that where the gist of the action is a malicious prosecution, the statute begins to run when the wrongful act is done, and the limitation is two years' was dictum and failed to note that the authority, *McCusker* v. *Walker*, 77 Cal. 208, 212 [19 P. 382], cited, was decided prior to 1905, the date of the amendment to subdivision 3 of section 340, Code of Civil Procedure, . . . ."

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.