[Civ. No. 20584.   First Dist., Div. Three.   Mar. 13, 1963.]

DEPARTMENT OF MENTAL HYGIENE, Plaintiff, Cross-defendant and Respondent, v. LILY HSU et al., Defendants, Cross-complainants and Appellants; NAPA STATE HOSPITAL et al., Cross-defendants and Respondents.

George Olshausen for Defendants, Cross-complainants and Appellants.

Stanley Mosk, Attorney General, and John Carl Porter, Deputy Attorney General, for Plaintiff, Cross-defendants and Respondents.

DRAPER, P. J.—The question here is whether the one-year statute of limitations (Code Civ. Proc., § 340, subd. 3, or the two-year provision (Code Civ. Proc., § 339, subd. 1), applies to an action for malicious prosecution.

Plaintiff department sued to recover costs of care of defendants, husband and wife, during their separate commitments to Napa State Hospital. Defendants cross-complained, joining with the department, its director, the hospital, its superintendent and three resident physicians, and the two medical examiners who recommended commitment. Dismissal followed sustaining of demurrers without leave to amend, and cross-complainants appeal.

The cross-complaint, filed in propria persona, concerns only the commitment of Mr. Hsu. The parties agree in treating it as attempting to state a cause of action for malicious prosecution.

Mr. Hsu's alleged commitment, release, and discharge all occurred more than one year but less than two years before filing of the cross-complaint. ■ We have concluded that the statute of limitations applicable to an action for malicious prosecution is one year, and that the demurrer upon this ground was properly sustained. Thus we do not consider the several other grounds of demurrer.

Until 1905, no California statute provided specifically for a time to commence actions for infringement of personal rights other than libel, slander, assault, battery, false imprisonment, or seduction, which were specifically listed in section 340, subdivision 3. Thus actions for bodily injury and for infringement upon other personal rights fell within the two-year limitation of section 339 as actions "upon a . . . liability not founded upon an instrument of writing" (*Piller* v. *Southern Pacific R.R. Co.*, 52 Cal. 42; *McCusker* v. *Walker*, 77 Cal. 208, 212 [19 P. 382]; *Raynor* v. *Mintzer*, 72 Cal. 585 [15 P. 82]). The decisions did not suggest that the phrase "liability not founded upon an instrument of writing" was a particularly apt description of such actions. Rather, their rationale was that no other limitation provision described such actions at all. Section 339 was the only available "catch-all" provision, and for that reason alone such actions fell within it.

In 1905, however, the limitation provisions were significantly amended. Section 340, subdivision 3 was extended to bring within its one-year limitation an action "for injury to . . . one caused by the wrongful act or neglect of another" (Stats. 1905, ch. 258, p. 232).

It has never been questioned that the effect of this amendment was to place a one-year limitation upon actions for bodily injury. As to other violations of personal rights, the courts for the first time had the problem of determining which of two statutory classifications applied. The first case in which the issue was raised held that the amendment to section 340 "was intended to embrace therein all infringements of personal rights as distinguished from property rights." (*Huntly* v. *Zurich General A. & L. Ins. Co.* (1929) 100 Cal.App. 201, 212 [280 P. 163]). An action for abuse of process was held to fall within the one-year limitation of section 340, subdivision 3 (*Simons* v. *Edouarde* (1950) 98 Cal.App.2d 826 [221 P.2d 203]). An action for malicious prosecution has been stated (*Oppenheimer* v. *Tamblyn* (1958) 162 Cal.App.2d 293, 297 [327 P.2d 574]) and held (*Storey* v. *Shasta Forests Co.* (1959) 169 Cal. App.2d 768 [337 P.2d 887, 70 A.L.R.2d 1086]) to be limited to one year.

The only post-1905 support for appellants' claim that section 339 applies is found in the statement of a 1938 opinion (*Merron* v. *Title Guarantee & Trust Co.*, 27 Cal.App.2d 119, 122 [80 P.2d 740]) that in an action for malicious prosecution "[u]ndoubtedly . . . the limitation is two years." But the true holding of that case is that the prior action alleged to have been maliciously prosecuted was not finally determined until two months before the later action was filed, and that the statute of limitations began to run only upon such final determination. Thus it was wholly immaterial whether the period of limitation was one year or two. Moreover, the casual statement relied upon by appellants cites as its only authority *McCusker* v. *Walker, supra,* 77 Cal. 208, which was decided long before the 1905 amendments, and *Merron* fails to recognize or discuss those amendments. As pointed out in *Simons* and *Storey,* this dictum is not persuasive.

An action for malicious prosecution, as well as one for other infringements of personal rights, is much more accurately described as "injury to . . . one caused by the wrongful act . . . of another," than as "an obligation or liability not founded upon an instrument in writing." The weight of California authority and that of other jurisdictions (see cases cited in 70 A.L.R.2d 1088) support this view. We conclude that the present action is governed by the one-year limitation of section 340.

■ We cannot accept appellants' secondary contention that the action is one for injury to property. The cross-complaint does allege damages to the business of Mr. Hsu, but these clearly flow solely from his confinement and the illness claimed to result therefrom. The action cannot conceivably be held to be "for taking, detaining, or injuring . . . goods, or chattels" (Code Civ. Proc., § 338, subd. 3). Appellants also argue that they have stated a cause of action for "nuisance" in that they allege unsanitary conditions in the hospital which caused Mr. Hsu to become ill. The contention does not aid them, since the gist of that claim even more clearly is injury to the person.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied April 8, 1963, and appellants' petition for a hearing by the Supreme Court was denied May 8, 1963.