**NORTHWEST AIRLINES, INC.,**
Plaintiff–Counterclaim
Defendant,

v.

Antonio S. **CAMACHO,** dba Westpac
Freight, Defendant–Third–Party
Plaintiff–Appellant,

v.

**PacAir Ltd.,** Third–Party
Defendant–Appellee.

No. 01–15349.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2002.

Filed July 11, 2002.

G. Anthony Long, Saipan, MP, for the defendant-third-party-plaintiff-appellant.

Rexford C. Kosack, Saipan, MP, for the third-party-defendant-appellee.

Before WALLACE, TASHIMA, and TALLMAN, Circuit Judges.

TASHIMA, Circuit Judge.

Antonio Camacho, doing business as Westpac Freight ("Westpac"), contracted with Northwest Airlines, Inc. ("Northwest") to arrange for shipping by third parties on Northwest. A dispute arose over money allegedly owed under the contract and Northwest filed suit against Camacho, prompting Camacho to file a third-party complaint against Northwest's agent, PacAir Ltd. ("PacAir"). The district court dismissed Camacho's third-party claims on the basis that they were barred by the two-year statute of limitations of the Commonwealth of the Northern Mariana Islands ("CNMI"). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 48 U.S.C. § 1824(b), and we affirm.

## I. BACKGROUND

In 1992, Westpac agreed to sell international air cargo transportation on Northwest to third parties. A dispute arose over approximately $325,000 allegedly owed by Westpac to Northwest under the agreement. On May 31, 1995, the CNMI Attorney General filed a criminal information charging "Camacho, d.b.a. Westpac Freight," with theft. The CNMI voluntarily dismissed its case against Camacho after it failed to obtain pertinent records.

On March 9, 1998, Northwest filed a breach of contract action against Camacho seeking recovery of the alleged debt. Camacho, in turn, filed a third-party complaint against PacAir, asserting claims for malicious prosecution, abuse of process, and tortious interference with contractual relations.

PacAir brought a motion to dismiss Camacho's third-party claims on the grounds that they were time-barred by 7 N. Mar. I.Code § 2503(d), CNMI's two-year stat-

ute of limitations for personal injury actions. Camacho responded that his claims were not subject to § 2503(d), but rather were governed by 7 N. Mar. I.Code § 2505, the catchall six-year statute of limitations. The district court agreed with PacAir and granted its motion to dismiss with prejudice.

## II. STANDARD OF REVIEW

■ We review *de novo* the district court's determination of the appropriate statute of limitations. *S.V. v. Sherwood Sch. Dist.*, 254 F.3d 877, 879 (9th Cir.2001).

## III. DISCUSSION

■ We must decide which statute of limitations governs Camacho's claims for malicious prosecution, abuse of process, and tortious interference with contractual relations.[1] 7 N. Mar. I.Code § 2503(d) provides a two-year limitations period for "[a]ctions for injury to or for the death of one caused by the wrongful act or neglect of another...." Under § 2505, "[a]ll actions other than those covered in 7 [N. Mar. I.Code] §§ 2502, 2503, and 2504 shall be commenced within six years after the cause of action accrues...." 7 N. Mar. I.Code § 2505.

There is no CNMI case law directly on point. Because of the absence of controlling case law, the district court looked to California law, which has an identically-worded personal injury statute of limitations,[2] for precedent in analyzing the applicability of § 2503(d) to Camacho's malicious prosecution and abuse of process claims. Using California law as a guide, the district court concluded that Cama-

cho's claims for malicious prosecution and abuse of process are considered "claims of injury to the person," subject to § 2503(d). The district court also held that Camacho's tortious interference with contractual relations claim was "a repeat of Camacho's claim for abuse of process," and therefore was also governed by the two-year limitations period.

Camacho contends that the district court erred in applying § 2503 and should have applied the six-year period of § 2505. He argues that his malicious prosecution and abuse of process claims are excluded from § 2503 because they are not expressly included in it and that his intentional interference claim falls outside § 2503 because it is a tort arising out of a contract. We will address each argument, in turn.

### A. Malicious Prosecution and Abuse of Process

■ Camacho first contends that his claims for malicious prosecution and abuse of process are not subject to § 2503 because they are not specifically included among the claims listed in that statute. *See Bank of Saipan v. Carlsmith Ball Wichman Case & Ichiki*, No. 99–004, slip op. at 5 (N. Mar. I. Oct. 20, 1999) (holding that § 2503 did not cover a legal malpractice claim because the CNMI legislature's inclusion of *medical* but not *legal* malpractice claims within the ambit of § 2503 evinced a clear intent to exclude the latter from coverage). Arguing by analogy, Camacho contends that the fact that the CNMI legislature explicitly included similar tort claims—assault and battery, false

---

1. CNMI's statute of limitations applies here because a federal court sitting in diversity is bound to apply the statute of limitations of the forum jurisdiction. *See Mendez v. Ishikawaji-ma–Harima Heavy Indus. Co.*, 52 F.3d 799, 800 (9th Cir.1995).

2. The California statute is identically-worded, except that it applies a one-year limitations period to actions "for injury to or for the death of one caused by the wrongful act or neglect of another...." Cal.Civ.Proc.Code § 340(3).

imprisonment, and slander—under § 2503(a), demonstrates its intent to omit malicious prosecution and abuse of process from the two-year limitations period.

We disagree. To begin with, Camacho has provided no persuasive authority to support his argument that malicious prosecution and abuse of process claims are so similar to those identified in § 2503(a) as to warrant the conclusion that their omission was intentional.[3] To the contrary, the only obvious connection between the claims included under § 2503(a) and Camacho's claims is that they are all torts. However, if all torts not explicitly included under § 2503(a) are deemed excluded from the two-year limitations period, then there is nothing left of § 2503(d)—a result absurd on its face. Moreover, this case is clearly distinguishable from *Bank of Saipan*, where the CNMI Supreme Court excluded one type of professional malpractice claim from the two-year limitations provision based on the fact that similar professional malpractice claims were specifically referenced in § 2503(c). *Bank of Saipan*, No. 99–004, at 5.

██ Further, despite Camacho's attempt to marshal unreported CNMI cases to support the exclusion of his claims from the ambit of § 2503(d),[4] the CNMI Supreme Court's recent decision in *Zhang Gui Juan v. Commonwealth*, No. 99–032 (N. Mar. I. Dec. 12, 2000), weighs heavily in favor of an expansive interpretation of the two-year statute of limitations. Specifically, the CNMI Supreme Court's statements in *Zhang Gui Juan* that § 2503 is "[g]enerally applicable to tort actions" and that it "serves as a catch-all provision," *Id.* at ¶ 26, are inimical to Camacho's narrow reading of the statute to exclude malicious prosecution and abuse of process claims.[5]

3. In support of his argument, Camacho cites *Gowin v. Altmiller*, 663 F.2d 820, 823–24 (9th Cir.1981), in which this circuit held that Idaho's two-year statute of limitations did not apply to claims for abuse of process, which were instead covered by the four-year limitations period for actions not specifically covered by other statutes. That case, however, specifically based its holding on the fact that the "Idaho Supreme Court has consistently applied [the four-year statute of limitations] to malicious prosecution actions," which were deemed similar to abuse of process claims. *Id.* In contrast, nothing here indicates such a close connection between malicious prosecution, abuse of process, and the claims articulated in § 2503(a).

4. Camacho cites several cases in support of his general position that his claims should not fall within the scope of § 2503(d). Most of these cases, however, are lower court decisions that do not speak directly to the application of the relevant statutes of limitations to the claims at issue here. See *Bank of Saipan v. Carlsmith Ball Wichman Case & Ichiki*, No. 98–0973, slip op. at 4–6 (N. Mar. I.Commw.Super.Ct. Mar. 3, 1999) (concluding that § 2503(d) did not apply to legal malpractice because (1) although it could be regarded as a tort, it should be treated as a contract action since the lawyer-client relationship springs out of a contractual relationship; and (2) the CNMI legislature did not intend for legal malpractice to come under the two-year statute); *Luen Thai Shipping & Trading Co. v. Sumitomo Corp.*, No. 88–467, slip op. at 27 (N. Mar. I. Commw. Trial Ct. Aug. 16, 1988) (stating that § 2503(d) applies to "personal injur[ies] not actions for damages or tort claims" and therefore various claims, including intentional interference with prospective contractual relations, were not subject to the two-year limitations period); *Mariana Islands Airport Auth. v. Ralph M. Parsons Co.*, 1 N. Mar. I. Commw. Rptr. 181, 185 (D.N. Mar. I.1981) (holding that the analogous Territorial Trust Code two-year personal injury statute of limitations "applies only to personal injury and to wrongful death actions" and therefore did not operate to bar a claim for negligent construction).

5. Although the CNMI Supreme Court's statements in *Zhang Gui Juan* are technically dicta, we deem them persuasive when, as here, there is no directly controlling authority. *See Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir.1980).

■ Finally, the application of § 2503(d) to claims of malicious prosecution and abuse of process is supported by California case law, which, in light of the absence of clear CNMI precedent, the district court properly relied on for guidance.[6] *See Ins. Co. of Pa. v. Associated Int'l Ins. Co.*, 922 F.2d 516, 520 (9th Cir.1990) (stating that, when a state's highest court has not spoken directly on the issue at bar, a federal court may look to the "well-reasoned decisions from other jurisdictions"). In California, a claim for malicious prosecution or abuse of process is subject to California Code of Civil Procedure § 340(3), California's personal injury statute of limitations that is identically-worded as CNMI's § 2503(d). *See Storey v. Shasta Forests Co.*, 169 Cal.App.2d 768, 337 P.2d 887, 888 (1959) (holding that a claim for malicious prosecution is an infringement of personal rights, not property rights, and therefore subject to § 340(3)); *Simons v. Edouarde*, 98 Cal.App.2d 826, 221 P.2d 203, 204 (1950) (holding that an action for abuse of process falls within the scope of § 340(3)); *see also* 3 Witkin, CALIF. PROCEDURE, *Actions* § 514, at 644–45 (4th ed. 1996) (stating that § 340(3)'s coverage of "injury to" the person has been construed to apply to actions for malicious prosecution and abuse of process). We therefore conclude that Camacho's malicious prosecution and abuse of process claims are properly treated as claims for injuries to the person and therefore are governed by § 2503(d).[7] Accordingly, the district court did not err in dismissing Camacho's malicious prosecu-tion and abuse of process claims as time-barred.

## B. Tortious Interference with Contractual Relations

Camacho also argues that the district court erred in holding that his tortious interference with contractual relations claim was time-barred. He contends that because the CNMI trial court in *Luen Thai*, slip op. at 27, held that a claim of tortious interference with *prospective* contractual relations is not subject to § 2503(d), neither should a claim for tortious interference with contractual relations be, since the nature of the claims is essentially the same. In addition, he argues that, under *Luen Thai* and *Ralph M. Parsons Co.*, 1 N. Mar. I. Commw. Rptr. at 185, his tortious interference claim is essentially a contract action that should be excluded from § 2503(d).

Neither of these arguments is persuasive. *Luen Thai* is a CNMI lower court decision that does not control our effort to ascertain commonwealth law. Moreover, to the extent that *Luen Thai* held that § 2503(d) applies only to personal injuries and "not actions for damages or tort claims," *Luen Thai*, No. 88–467 at 27, that holding has been seriously undermined by the CNMI Supreme Court's expansive dicta in *Zhang Gui Juan*, indicating that § 2503(d) applies generally to all torts. *Parsons* is similarly unhelpful to Camacho because, in that case, the district court simply declined to apply the analogous territorial two-year personal injury statute of

---

6. The choice of California is particularly appropriate in light of the CNMI Supreme Court's recent application of California law in interpreting § 2503(d). *See Bank of Saipan v. Carlsmith Ball Wichman Case & Ichiki*, No. 99–004, slip op. at 4–5 (N. Mar. I. Oct. 20, 1999).

7. This is true irrespective of the fact that Camacho's claims also allege damages to his business. *See, e.g., Dep't of Mental Hygiene v. Hsu*, 213 Cal.App.2d 825, 29 Cal.Rptr. 244, 245 (1963) (upholding application of personal injury statute of limitations to malicious prosecution claim where damages to plaintiff's business flowed from being personally confined as a result of the malicious prosecution).

limitations to a claim for negligent construction against a corporation. *Parsons*, 1 N. Mar. I. Commw. Rptr. at 185. Neither *Parsons* nor *Luen Thai* asserted the broader principle that contract-based tort actions are excluded from § 2503(d).

 Furthermore, even if we agreed that a claim for interference with contractual relations is generally a contract-based claim not encompassed by § 2503(d), *see, e.g., McWilliams v. Holton*, 248 Cal. App.2d 447, 56 Cal.Rptr. 574, 579 (1967) (stating that an action for interference with contractual relations is not an action within the scope of California's personal injury statute of limitations), that would not affect the result in this case. This is because, as the district court correctly noted, Camacho's interference claim is premised on the same factual allegations as his malicious prosecution and abuse of process claims. Camacho's interference claim alleges that PacAir "instigat[ed] or caus[ed] the CNMI government to institute the criminal proceedings against Camacho." Because the injury alleged in the interference claim is exactly the same as that alleged in the malicious prosecution and abuse of process claims, the district court correctly concluded that the same statute of limitations applicable to the latter causes of actions should be applied to this claim as well. *See Eddy's Toyota of Wichita, Inc. v. Kmart Corp.*, 945 F.Supp. 220, 225–26 (D.Kan.1996); *see also Wild v. Rarig*, 302 Minn. 419, 234 N.W.2d 775, 793 (1975) (holding that claim for wrongful interference with business relationship stemming from alleged act of defamation should be treated as defamation for purposes of applying the statute of limitations). We therefore conclude that the district court did not err in dismissing Camacho's interference claim as time-barred under § 2503(d).

## IV. CONCLUSION

Based on the foregoing, the judgment of the district court is

**AFFIRMED.**