[No. B189507. Second Dist., Div. Two. July 10, 2006.]

ELVIA E. STAVROPOULOS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GEORGIA MAUAD STAVROPOULOS, Real Party in Interest.

COUNSEL

Russell J. Thomulka and Ronald P. Kaplan for Petitioner.

No appearance for Respondent.

Kern, Noda, Devine & Segal, Philip A. Segal and Paul E. van Dyk for Real Party in Interest.

OPINION

**BOREN, P. J.**—Petitioner Elvia E. Stavropoulos seeks a writ directing the superior court to set aside an order overruling her demurrer to real party Georgia Mauad Stavropoulos's malicious prosecution complaint. The question posed by this proceeding is what statute of limitations applies to malicious prosecution actions, the one-year limitation period set forth in Code of Civil Procedure section 340, subdivision (c),[1] or the two-year limitations period set forth in section 335.1. We conclude that malicious prosecution actions are subject to a two-year statute of limitations (§ 335.1), and that real party in interest's complaint was therefore timely filed. Accordingly, we deny the petition for writ of mandate.

## I. PROCEDURAL HISTORY AND STATEMENT OF FACTS

On July 1, 2002, Elvia Stavropoulos filed a fraud complaint against Georgia Stavropoulos. On February 19, 2003, a judgment dismissing the action was entered. On February 26, 2003, Elvia filed an appeal. On April 1, 2004, an appellate opinion affirming the judgment was filed. On June 25, 2004, the remittitur issued. On June 24, 2005, Georgia filed a malicious prosecution action against Elvia.

Elvia demurred to the complaint on the ground that the cause of action was barred by the one-year statute of limitations set forth in section 340, subdivision (c). Georgia opposed the demurrer, contending that in 2002, when section 340, subdivision (3) was amended and redesignated section 340,

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

subdivision (c), and section 335.1 was enacted, the statute of limitations for malicious prosecution was expanded from one year to two years.

The trial court found that the two-year limitations period set forth in section 335.1 applied and overruled Elvia's demurrer. Recognizing that the issue had the potential for concluding the matter, the court invited interlocutory review of its ruling pursuant to section 166.1.[2] Elvia then filed this petition for writ of mandate. Elvia does not dispute that, if section 335.1 applies, Georgia's complaint was timely filed and Elvia's demurrer was properly overruled.

## II. ISSUE PRESENTED

The question presented by this petition is what statute of limitations applies to malicious prosecution actions, the one-year limitations period set forth in section 340, subdivision (c), or the two-year statute of limitations set forth in section 335.1.

## III. DISCUSSION

A. *Writ Review*

Writ review is appropriate where the petition presents a significant issue of first impression. (*Marron v. Superior Court* (2003) 108 Cal.App.4th 1049, 1056 [134 Cal.Rptr.2d 358].)

B. *Standard of Review*

"[W]here the facts are agreed or ascertained, it is a question of law whether a case is barred by the statute of limitations, and we are not bound by the trial court's determination." (*Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 334 [248 Cal.Rptr. 341].)

C. *The Limitations Period for Malicious Prosecution is Two Years*

California has never prescribed by statute a specific period of limitation for malicious prosecution. Section 340, subdivision (3), enacted in 1872, provided for a one-year statute of limitations for "[a]n action for libel, slander, assault, battery, or false imprisonment." Although malicious prosecution is akin to certain of these intentional torts, it was not listed within the section.

---

[2] Section 166.1 provides in relevant part: "Upon the written request of any party or his or her counsel, or at the judge's discretion, a judge may indicate in an interlocutory order a belief that there is a controlling question of law as to which there are substantial grounds for difference of opinion, appellate resolution of which may materially advance the conclusion of the litigation."

Consequently, the tort was held to fall within the two-year "catch-all" provision of section 339, subdivision (1). (*Wood v. Currey* (1881) 57 Cal. 208, 209; *Sharp v. Miller* (1880) 54 Cal. 329, 330–331; *Anderson v. Coleman* (1880) 56 Cal. 124, 126; *Dept. of Mental Hygiene v. Hsu* (1963) 213 Cal.App.2d 825, 826 [29 Cal.Rptr. 244].)

In 1905, section 340, subdivision (3), was amended to provide for a one-year statute of limitations "for injury to or for the death of one caused by the wrongful act or neglect of another." (Stats. 1905, ch. 258, § 2, p. 232.) This clause was thereafter construed to embrace "all infringements of personal rights as opposed to property rights" (*Simons v. Edouarde* (1950) 98 Cal.App.2d 826, 828 [221 P.2d 203]), and the limitations period for injuries to the person set forth within section 340, subdivision (3), was held applicable to actions for malicious prosecution. (*Storey v. Shasta Forests Co.* (1959) 169 Cal.App.2d 768, 769–770 [337 P.2d 887]; *Dept. of Mental Hygiene v. Hsu, supra,* 213 Cal.App.2d at pp. 826–827; *Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc., supra,* 202 Cal.App.3d at p. 334; *Feld v. Western Land & Development Co.* (1992) 2 Cal.App.4th 1328, 1334 [4 Cal.Rptr.2d 23]; *Bellows v. Aliquot Associates, Inc.* (1994) 25 Cal.App.4th 426, 429 [30 Cal.Rptr.2d 723].)

In 2002, section 340, subdivision (3) was amended and redesignated as section 340, subdivision (c). (Stats. 2002, ch. 448, § 3.) The amended statute provides a one-year limitations period for "[a]n action for libel, slander, false imprisonment, seduction of a person below the age of legal consent, or by a depositor against a bank for the payment of a forged or raised check, or a check that bears a forged or unauthorized endorsement, or against any person who boards or feeds an animal or fowl or who engages in the practice of veterinary medicine as defined in Section 4826 of the Business and Professions Code, for that person's neglect resulting in injury or death to an animal or fowl in the course of boarding or feeding the animal or fowl or in the course of the practice of veterinary medicine on that animal or fowl." The phrase "or for injury to or for the death of one caused by the wrongful act or neglect of another," contained within former section 340, subdivision (3), was not included in the amended version of the statute.

At the same time it amended section 340, subdivision (3), the Legislature enacted section 335.1, which provides a two-year limitations period for "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." (Stats. 2002, ch. 448, § 2.)

This language is nearly identical to the language excised from former section 340, subdivision (3) when it was amended.[3]

The Legislature made clear its intent in enacting section 335.1: "(a) The California system for the administration of civil justice is one of the fairest in the world, but certain procedures and standards should be amended to ensure fairness to all parties. [¶] (b) Under current law, victims of personal injury and wrongful death are now required to file lawsuits within a year in order to meet unduly short statutes of limitations. Many such matters would be resolved without the need to resort to litigation if California's statute of limitations permitted such actions to be filed within two years, as the vast majority of other states provide for a longer time to resolve claims short of litigation. [¶] (c) A prime example of the inequity caused by the one-year statute of limitations is that residents of California who were victims of the terrorist actions of September 11, 2001, must prematurely choose between litigation and federal remedies, while residents of other states have more than twice as long to pursue their remedies. Extending the statute of limitations will reduce litigation in these cases as well, because terrorist victims will have the opportunity to fully evaluate and use other alternatives, rather than being forced to litigate prematurely. [¶] (d) The special injustice worked against victims of the September 11, 2001, terrorist actions justifies applying the two-year statute of limitations retroactively to those victims." (Stats. 2002, ch. 448, § 1.)

█ In making a determination as to which statute of limitations applies to malicious prosecution actions, we begin our analysis with the fundamental rule that a court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*Moyer v. Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) We look first to the words of the statute itself as the most reliable indicator of legislative intent. (*People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441].) However, we are permitted to examine the history and background of newly enacted or amended statutes if the language reasonably may be interpreted in more than one way. (*Bonnell v. Medical Board* (2003) 31 Cal.4th 1255, 1261 [8 Cal.Rptr.3d 532, 82 P.3d 740].)

The language of section 340, subdivision (c) is plain. It provides for a one-year limitations period for various torts. Logic might suggest that we include malicious prosecution with the intentional torts specifically listed within the statute. However, we have no authority to do so. With the removal

---

[3] Except for the elimination of the word "for," the addition of commas and the addition of the words "an individual" in place of the word "one," the language is identical to language excised from former section 340, subdivision (3).

of the clause "or for injury to or for the death of one caused by the wrongful act or neglect of another" the statute is no longer inclusive of unlisted torts.

As to section 335.1, the question is not whether the language of the provision is ambiguous. The question is whether the Legislature intended California courts to construe the language of the statute as embracing all infringements of personal rights, including malicious prosecution. In support of her contention that it did not, Elvia relies on *Benun v. Superior Court* (2004) 123 Cal.App.4th 113 [20 Cal.Rptr.3d 26] (*Benun*), which holds that "the same language in different statutes may not be automatically given the same meaning but instead the meaning depends upon the legislative purpose underlying each individual statute." (*Id.* at p. 117.) Pointing to the uncodified findings and declarations of the Legislature, Elvia contends the legislative purpose underlying section 335.1 was to allow personal injury and wrongful death victims additional time within which to file litigation, not to increase the limitations period for malicious prosecution actions.

Although the Legislature's uncodified findings and declarations offer some insight into the lawmakers' impetus for enacting section 335.1, they do not conclusively establish whether the Legislature intended to expand the limitations period for malicious prosecution actions from one year to two years. Nor does *Benun* assist in resolving the issue. In that case, the court was called upon to determine whether identical or similar language used in different statutes with different purposes should be accorded the same meaning. (*Benun, supra,* 123 Cal.App.4th at pp. 119–120.) Here, we are required to determine whether the Legislature intended California courts to give language excised from one limitations statute and inserted into a newly enacted limitations statute the same construction previously accorded that language.

The Legislature is deemed to be aware of judicial decisions already in existence and to have enacted or amended a statute in light thereof. (*Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) When a statute has been construed by judicial decision, and that construction is not altered by subsequent legislation, it must be presumed that the Legislature is aware of the judicial construction and approves of it. (*City of Long Beach v. Workers' Comp. Appeals Bd.* (2005) 126 Cal.App.4th 298, 318–319 [23 Cal.Rptr.3d 782]; *People v. Masbruch* (1996) 13 Cal.4th 1001, 1007 [55 Cal.Rptr.2d 760, 920 P.2d 705].) Prior to the enactment of section 335.1 and the amendment of section 340, subdivision (3), judicial decisions consistently held that for purposes of limitations malicious prosecution is to be grouped with injuries to the person. (*Storey v. Shasta Forests Co., supra,* 169 Cal.App.2d at pp. 769–770; *Dept. of Mental Hygiene v. Hsu, supra,* 213 Cal.App.2d at pp. 826–827.) Since nothing contained in the legislative materials generated at the time section 335.1 was enacted and section 340,

subdivision (3), was amended suggests the Legislature intended to overrule these decisions, we presume the Legislature was aware of this judicial construction and approved of it. (*People v. Harrison* (1989) 48 Cal.3d 321, 329 [256 Cal.Rptr. 401, 768 P.2d 1078] [where a statute is framed in the language of an earlier enactment on the same subject, and that enactment has been judicially construed, the Legislature is presumed to have adopted that construction].) ■ We therefore conclude that the Legislature intended the phrase "injury to, or for the death of, an individual caused by the wrongful act or neglect of another" to be interpreted as embracing all infringements of personal rights, including malicious prosecution, and intended the two-year limitations period set forth in section 335.1 to apply to malicious prosecution actions.

We are mindful that malicious prosecution has traditionally been regarded as a disfavored cause of action because "the tort has the potential to impose an undue 'chilling effect' on the ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court." (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872 [254 Cal.Rptr. 336, 765 P.2d 498].) As a result, "the elements of the tort have historically been carefully circumscribed so that litigants with potentially valid claims will not be deterred from bringing their claims to court by the prospect of a subsequent malicious prosecution claim." (*Ibid.*) It may be that the statute of limitations should likewise be circumscribed. However, given the plain language of section 340, subdivision (c) and the rules of statutory construction, we have no power to do that which the Legislature has chosen not to do. If, as petitioner contends, the lawmakers' failure to add malicious prosecution to the list of intentional torts set forth within section 340, subdivision (c), was a legislative oversight, we encourage the Legislature to amend the statute.

### D. *Elvia's Demurrer was Properly Overruled*

■ A "cause of action [for malicious prosecution] accrues at the time of entry of judgment in the underlying action in the trial court. [Citation.] [¶] The fact that the time for appeal from the judgment has not yet run does not prevent the filing of the suit and therefore does not stay the running of the statute. [Citation.] However, the pendency of an appeal from the judgment in the underlying action prevents the maintenance of a malicious prosecution action based on that judgment. [Citation.] Therefore, the statute of limitations runs from the accrual upon entry of the judgment until the date of filing of notice of appeal. [Citation.] The statute is then tolled until the conclusion of the appellate process, at which time it commences to run again. [Citation.]" (*Rare Coin Galleries, Inc. v. A-Mark Coin Co., Inc., supra*, 202 Cal.App.3d at pp. 334–335.) Here, the order of dismissal in the fraud case was entered by the superior court on February 19, 2003. Seven days later, Elvia filed an

appeal. The remittitur issued on June 25, 2004. Clearly the malicious prosecution complaint, filed June 24, 2005, was timely filed within the two-year period set forth in section 335.1. This being so, the trial court did not err in overruling Elvia's demurrer.

## IV. DISPOSITION

The order to show cause is discharged. The petition for writ of mandate is denied. The temporary stay is vacated. The parties are to bear their own costs.

Doi Todd, J., and Ashmann-Gerst, J., concurred.