**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CORNELIUS LOPES,

          Plaintiff - Appellant,

  v.

FREMONT FREEWHEELERS; et al.,

          Defendants - Appellees.

No. 08-16993

D.C. No. 4:07-cv-06213-PJH

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

     Cornelius Lopes appeals pro se from the district court's judgment dismissing

his action alleging various federal civil rights and state law claims. We have

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

JS/Research

jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Fink v. Shedler*, 192

F.3d 911, 913-14 (9th Cir. 1999), and we affirm.

The district court properly dismissed Lopes's federal civil rights and state

law claims on statute of limitations grounds because the claims accrued more than

two years before Lopes filed this action.  *See Jones v. Blanas*, 393 F.3d 918, 927

(9th Cir. 2004) (stating that the statute of limitations for 42 U.S.C. § 1983 claims is

governed by the forum state's statute of limitations for personal injury claims, and

that, effective January 1, 2003, the applicable statute of limitations under

California law is two years); *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710,

711-12 (9th Cir. 1993) (per curiam) (explaining that the limitations period that

governs section 1983 claims also governs claims under section 1981, section 1985,

and Title VI); *Stavropoulos v. Superior Court*, 45 Cal. Rptr. 3d 705, 706 (Cal. Ct.

App. 2006) (holding that the statute of limitations for malicious prosecution claims

under California law is two years); *see also Fink*, 192 F.3d at 914 (explaining that,

under federal law, "[a] claim accrues when the plaintiff knows, or should know, of

the injury which is the basis of the cause of action"); *Platt Elec. Supply, Inc. v.

EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008) (stating that a claim under

California law accrues when " 'the plaintiff either discovers or has reason to

discover the existence of [the] claim' " (citation omitted)).

Lopes's remaining contentions are unpersuasive.

**AFFIRMED.**